## F. J. Traut, Appellee, v. Horace L. Winslow Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

### Statement of the Case.

Action on the case by F. J. Traut, plaintiff, against the Horace L. Winslow Company, defendant, to recover for damages to a barge owned by plaintiff loaded with crushed rock consigned to defendant. From a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgment in favor of plaintiff for five hundred dollars, defendant appeals.

The only evidence concerning the measure of damages was testimony of the value of the barge when it was delivered to defendant and its value after it was unloaded; an objection to this evidence as not the proper measure of damages was overruled. The court instructed the jury that the measure of damages, if the jury should find for plaintiff, was the difference between the fair cash value of the barge before and after the alleged injury. Error was assigned on the admission of evidence on the measure of damages and the instruction on that question. The evidence shows that the barge had been repaired. Plaintiff's fourth instruction informed the jury that where personal property is placed in the hands of a bailee in good condition and is returned in a damaged condition, then the law presumes that the injury was due to the negligence of the bailee, and the owner would be entitled to recover unless the bailee has shown by a preponderance of the evidence that it exercised such care as was reasonably necessary to care for the property.

L. W. FELKER and GLASS & BOTTENBERG, for appellant.

B. O. WILLARD, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. BAILMENT, § 26*—*when instruction on measure of damages for negligent injury to personal property erroneous.* In an action by the owner of a barge to recover damages for injury to it, alleged to be due to negligence in unloading it and in failing to pump water from

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

it by the consignee of a shipment of crushed rock, an instruction that the measure of damages, if the jury should find for plaintiff, was the difference between the fair cash value of the barge before and after the alleged injury, *held* erroneous where it appeared that the barge had been repaired.

2.  BAILMENT, § 28*—*what is measure of damages for injury to personal property.* The correct measure of damages for an injury to personal property, where the same can be repaired, is the necessary cost of making the repairs and the value of the use of such property while the owner is necessarily deprived of it, while it is undergoing repair.

3.  BAILMENT, § 26*—*when instruction on liability of bailee returning personal property in damaged condition correct.* In an action by the owner of a barge to recover damages for injury to it, alleged to be due to negligence in unloading it and in failing to pump water from it by the consignee of a shipment of crushed rock, an instruction that where personal property is placed in the hands of a bailee in good condition and is returned in a damaged condition, then the law presumed that the injury was due to the negligence of the bailee and the owner would be entitled to recover unless the bailee has shown by a preponderance of the evidence that it exercised such care as was reasonably necessary to care for the property approved.

4.  BAILMENT, § 27*—*when presumed that property returned by bailee in damaged condition injured by negligence of bailee.* Where personal property is placed in the hands of a bailee in good condition and is returned in a damaged condition, the law presumes that the injury was due to the negligence of the bailee, and the owner will be entitled to recover unless the bailee shows by a preponderance of evidence that it exercised such care as was reasonably necessary to care for the property.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.