THEODORE HENSEN *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, June Term, 1922.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The plaintiff while riding his bicycle was injured by colliding with the defendant's motor-truck which was alleged to have darted out from behind a trolley-car and rounded the corner of intersecting streets at high speed and without passing to the right of the point of inter-section as required by statute (Public Acts of 1915, Chap. 297, § 2). The plaintiff had a verdict and the defendant appealed. *Held:—*

1. That upon the conflicting evidence before it the jury might reason-ably have found both specifications of negligence for the plaintiff, and therefore the defendant's motion to set aside the verdict was properly denied.

2. That the location of the precise point of the intersection of the centers of the two streets was immaterial, inasmuch as the truck confessedly passed to the left of any point that was, or could have been, claimed to be the point of intersection; and therefore the failure of the charge to specify with sufficient particularity the method whereby that point might be located, was not prejudicial to the defendant.

3. That in turning from one street into another the driver might be faced with such a situation as to excuse or justify him in failing to pass to the right of the point of intersection as required by this statute; but that the mere signal of a traffic officer to proceed, with-out specifying the route the driver was to follow, would not furnish such excuse or justification.

4. That in excluding from the jury's consideration the alleged fact that the traffic at that junction usually and customarily took the course followed by the defendant's truck in turning the corner, the trial court did not err, since no evidence of that character was before the jury for the purpose of justifying or excusing the defendant in making its turn.

A traffic officer may testify to the direction he signalled a driver to go, and where the driver in fact went; but he cannot be asked if the driver turned into the street properly and as he should.

Evidence of the existence of a traffic rule as to the method in which vehicles should turn a certain corner, is admissible as tending to excuse or justify the conduct of a driver in that situation, provided it appears that the traffic officer signalled in accordance with such rule and that the vehicle followed the route indicated. If, how-ever,—as in the present case—these facts do not appear, the exclu-sion of such evidence is not erroneous.

If a customary route to the left of the intersecting point of the centers of two streets exists, and the alleged negligent driver knew of it and acted upon such knowledge, and if it further appears that the traffic officer at this point did not direct such driver to proceed otherwise,—these facts may be regarded as a justification or excuse for the driver's failure to obey this statutory rule.

In the present case evidence of the existence of a customary route to the left of the intersecting point was excluded, it not appearing that the driver knew of such custom. *Held* that under such circumstances the ruling could not be said to be erroneous.

Argued June 7th—decided October 6th, 1922.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Banks, J.;* verdict and judgment for the plaintiff for $2,317, and appeal by the defendant. *No error.*

*Harrison T. Sheldon,* with whom was *William B. Gumbart,* for the appellant (defendant).

*Lawrence L. Lewis,* for the appellee (plaintiff).

WHEELER, C. J. Willow Street in Waterbury runs into West Main Street; its continuance is called Meadow Street, which is wider than Willow Street and enters West Main Street at a different angle. West Main Street is wider east of Meadow Street than west of it. The points of intersection of the centers of West Main and Willow streets are necessarily different from those of West Main and Meadow streets.

The plaintiff claimed to have proved these facts: the plaintiff was riding his bicycle south upon Willow Street with due care, and when he arrived at the intersection of Willow and West Main streets he turned to his left in order to proceed along West Main Street to the east. There were at this time two trolley

tracks on West Main Street and, a short distance east
of the corner of West Main and Meadow streets, by
means of switch tracks, both the east- and west-bound
tracks on West Main Street were connected with the
south- and north-bound tracks on Meadow Street.
Upon the west-bound track on West Main Street, just
east of the branch tracks, stood two trolley-cars, and
close behind them the defendant's truck. A traffic
officer stood on the west-bound track just west of the
branch track and gave the signal to the west-bound
traffic to proceed. Defendant's truck drove at a rapid
speed around the southeast corner of West Main and
Meadow streets and a considerable distance to the left
of the point of intersection of these streets, and while
the truck was so driven, plaintiff's bicycle ran into the
side of the truck at a point about eleven feet from this
corner and the same distance from the sidewalk, the
plaintiff being unable, on account of the trolley-cars,
to see the truck in time to stop his bicycle, and so ran
into the truck while doing all he could to avoid a colli-
sion with it after he saw it.

The negligence of the driver as set up in the com-
plaint and claimed to have been proved by plaintiff,
consisted (1) in the operation of the truck at this point
at a high speed and one greater than was reasonably
proper, having regard to the width, traffic and use of the
highway at that point, and so as to endanger the life
and limb of the plaintiff; and (2) in negligently failing to
keep to the right of the center of the intersection of these
streets as required by the Public Acts of 1915, Chap-
ter 297, § 2. The first ground of negligence, as well as
the question of the plaintiff's due care, might have been
found in favor of the plaintiff's claims, since the evi-
dence upon these points was conflicting and such a
conclusion was not unreasonable in law. The second
ground of negligence might also have been found, upon

the evidence, in favor of the plaintiff, since it was an undisputed fact, upon the evidence, that the truck passed to the left of any point claimed by either party as the point of intersection of these streets. It follows that the motion to set aside the verdict was properly denied.

Error is assigned in the instruction leaving to the jury the finding of the point of intersection of these streets. It was the province of the jury to find this point by the application of the method of finding it as given by the court. The charge did not present this method with sufficient particularity, but this failure did not prejudice the defendant, since its truck passed to the left of any point claimed by either party as the intersection of these streets, and of any point which could be claimed to be a point of intersection. The finding of the point of intersection of West Main Street east of Meadow Street and Meadow Street south of West Main Street, for the traveler proceeding west on West Main Street with a view to turning south upon Meadow Street, must be determined by finding the point of intersection of these parts of these two streets. The statute in effect at the time of this accident provided that at the intersection of public highways every person or vehicle should keep to the right of the intersection of the centers of such highways when turning to the right, and pass to the right of such intersection when turning to the left. The court charged the jury correctly, that the mere fact that the truck passed to the left of the center of the intersection was not alone conclusive proof of negligence or of a violation of the statute, since such failure might be excused or justified by the conditions; that "there might be justification for such operation of the truck in the situation facing the driver as he made the turn." The defendant claimed that its failure to have its truck pass to the right of the

point of intersection of these streets was justified on
two grounds: first, because the driver of the truck was
directed by the traffic officer to take the course he did,
and second, because the course taken by the driver was
the customary route of the traffic from West Main
Street going southwest into Meadow Street. The
court's instruction to the jury was, in effect, that the
traffic officer's direction to the defendant's truck driver
did not require him to pass to the left of the center of
the intersection of these streets, and therefore the driver
was not justified in his failure to pass to the right of the
center of the intersection of these streets because of any
signal or direction given him by the traffic officer. The
most careful reading of the evidence will fail to disclose
that the officer gave any signal to the driver except to
proceed, and that that signal did not specify the course
the driver was to take or indicate to him that he was to
pass to the left of the center of the intersection of these
streets. The court's instruction upon this point was
not erroneous, since it accorded with the undisputed
facts. The second ground of justification, that the
truck took the usual or customary course of traffic, was
excluded from the consideration of the jury as a jus-
tification for the negligent conduct of the defendant's
driver, because no evidence of this character was before
the jury for this purpose. "Evidence as to the cus-
tomary route taken by this traffic was received," as
the court instructed the jury, "solely as affecting the
question of the care exercised by the plaintiff, if you
should find that he was familiar with this locality, and
with the customary route of the traffic there." The
instruction was obviously right; the error, if any,
occurred in the ruling excluding evidence of this char-
acter.

The remaining errors relate to the rulings on evidence.
The traffic officer who was stationed on the west-bound

track of the West Main Street trolley and near the intersection of West Main and Willow streets, testified on direct examination in behalf of defendant, that the driver of defendant, after his truck came to a stop, gave him a signal that he wished to go down Meadow Street, and, after he had started traffic westward, he gave a signal directing the driver to go down Meadow Street. The witness was further inquired of by defendant: "Did he turn and go where you signalled him to go?" This question, upon objection, was changed to this one: "Did he go down Meadow Street in accordance with your signal?" This question was not pressed, but the following question was asked: "Did Mr. Ponselle turn into Meadow Street and go down there properly, as he should go?" and, upon plaintiff's objection, excluded, and defendant excepted to the ruling. The ruling was clearly right. It was permissible for defendant to introduce evidence of the direction the officer signalled the driver to go, and then to show where the driver in fact went. Whether he went properly or not was not for any witness to determine. Thereafter defendant inquired of the same witness: "What was the police department rule, the traffic rule, at that corner as to the method in which automobiles should turn from West Main Street, going from the center, to go south into Meadow Street?" and, upon plaintiff's objection, the question was excluded, and defendant excepted to the ruling. Assuming that the rule gave a course at this intersection which traffic turning south into Meadow Street should follow, we think this evidence was admissible, but until it had appeared that the officer signalled in accordance with the rule and that the driver drove his automobile along this route, we could not hold that this ruling was harmful, and these facts, which would have made the ruling harmful, do not appear. The same witness was

further inquired of: "In turning from West Main Street coming from the center, south into Meadow Street, what was the customary route for vehicles to follow at that time?" Plaintiff objected to the question because it would establish a standard of conduct at variance with the statutory rule requiring operators of motor-vehicles at the intersection of streets to go to the right of the point of intersection, and that evidence of a customary route could not affect the driver's conduct and permit him to depart from the statutory route; and, further, that no evidence had been introduced to show that the driver knew of such custom or could anticipate it, and that the plaintiff had a right to assume that the driver would obey the statutory rule and turn to the right of the point of intersection. The court sustained the objection and the defendant duly excepted. Error cannot be predicated upon this ruling, since at the time the evidence was offered it had not been shown that the driver knew of the custom, or turned to the left following the customary route with which he was familiar. Had a customary route to the left for traffic been proven at this time, and had the driver known of it and turned to the left in consequence of his knowledge of the existence of such a route, and had it been proven that the traffic officer standing at this point did not then direct the driver to proceed otherwise, we are of the opinion that these facts might have been regarded as excusing his failure to obey the statutory rule. The situation before the trial court widely differed from this.

There is no error.

In this opinion the other judges concurred.