[No. 22486. Department Two. July 15, 1930.]

GEORGE E. TOBIN et al., Respondents, v. SIDNEY E. GOODWIN et al., Appellants.[1]

*Roberts, Skeel & Holman* and *Everett O. Butts,* for appellants.

*Wright & Wright,* for respondents.

HOLCOMB, J.—This action was instituted by respondents to recover for personal injuries, property damage and special damages sustained by respondent Mrs. Tobin. The damages were claimed as the result of be-

[1]Reported in 290 Pac. 215.

ing struck by an automobile, owned by appellants and operated by Mrs. Goodwin, at about 5:30 p. m. on April 25, 1929, in Seattle. The accident occurred on Westlake avenue north, a paved public highway in Seattle composed of two strips of paving, each strip about twenty feet in width, between which strips is a dirt portion of the street, about six feet wide, separating the two paved strips and used as a parking place for automobiles. To the east of Westlake avenue north, lie the tracks of the Seattle street railway system.

Mrs. Tobin had ridden on one of the street cars going south along that avenue. She had alighted on a platform, about sixty-one feet in length, maintained by the street railway for the use of passengers boarding or alighting from street cars. She was intending to go to a point west of Westlake avenue north, and was therefore compelled to cross the strips of paving of that street. Before attempting to cross the east strip of paving, she waited for a short time on the edge of the loading platform, observing the traffic to her left, or the south, and, seeing a break in the traffic, started across the east strip of paving, walking to the west. When she started across, the nearest automobile approaching from the south was about one hundred twenty feet away. The map in evidence shows that the point where Mrs. Tobin was attempting to cross is not a real street intersection. The nearest street intersection is some distance to the south of the loading platform where she left the street car. A photograph in evidence also shows that there is a rather narrow plank crossing over the street car tracks to this loading platform, and a barrier fence extending from this crossing to the south for some distance.

It will thus be seen that Mrs. Tobin landed at the usual place for street car passengers, and proceeded in the usual way to leave that landing and cross the

avenue. At the time she was struck, she was a passenger leaving a street car, and was also a pedestrian. She had crossed the east paved strip and stepped onto the unpaved portion in the middle of the street before being struck by the automobile driven by Mrs. Goodwin, which, just before it struck her, swerved to the left and struck her after she had reached the place of safety off the paved portion of the street. Mrs. Tobin suffered serious and permanent personal injuries, requiring her confinement in a hospital for five weeks. There was a fracture of the seventh and eighth ribs on the left side, various portions of her body were bruised, wrenched, sprained, and contused, and there was a partial paralysis of the external muscle of the right eye, and severe nervous shock. She was unable, after the accident, up to the time of the trial, to do her house work, and, during all that time, had been confined partially or entirely to her bed. The jury awarded respondents total damage in the sum of $5,490.30.

At the close of respondents' case, appellants challenged the sufficiency of evidence, and again at the conclusion of all of the evidence, each time moving for a judgment of dismissal. After a verdict, appellants moved for a judgment *n. o. v.*, and also for a new trial. All of these motions were denied, and judgment followed the verdict.

As to the negligence of Mrs. Goodwin in driving appellants' car, there can be no question. Apparently there was little excuse for her running their automobile into Mrs. Tobin as and when she did. That question was undoubtedly one for the jury.

Appellants, however, principally rely upon contributory negligence on the part of Mrs. Tobin to defeat recovery. They contend that she was guilty of negligence *per se* under an ordinance of Seattle providing that pedestrians shall not step into that portion

of the street opened to moving traffic at any point between intersections in the business district, except to board a street car or to enter a safety zone at right angles, and that pedestrians, while boarding or leaving street cars, shall have the right of way over vehicles at all times, and have the right of way over vehicles at street intersections and crossings, but that vehicles shall have the right of way over pedestrians between intersections and crossings, except while such pedestrians are boarding or leaving street cars; that, in crossing streets, pedestrians shall look out for vehicles and street cars, particularly on the left until reaching the center of the street, and then on the right.

Under those ordinance provisions, Mrs. Tobin had the right of way over vehicles, because she was leaving the street car, at a regular street car landing.

Although at this place there was no street intersection, there was a regularly used and known street car landing and crossing for pedestrians therefrom. Mrs. Goodwin was aware of this fact. She knew that the street car landing was there, she testified, and that persons boarding or leaving street cars usually and customarily crossed Westlake avenue at that point.

The trial court, over the objection of appellants, received evidence to the effect that pedestrians, upon alighting from and leaving street cars at that point, customarily used the way taken by Mrs. Tobin to cross the street, as the safest and most practicable way to cross the same; and further instructed the jury, to which appellants objected, that they were entitled to consider such practice and custom. In the same connection, however, the trial court charged the jury that Mrs. Tobin was required to use reasonable care for her own safety in so doing, and that it was for the jury to determine whether or not she used such care at that time and place as a reasonably prudent person,

in the exercise of due care for his or her own safety, would have taken, and that if, while exercising such due care and caution, she was injured, she would not be guilty of contributory negligence.

In *Wickman v. Lundy,* 120 Wash. 69, 206 Pac. 842, a boy was injured by an automobile when the boy was running to board a street car, after looking up and down the street for automobiles. He left the sidewalk of a certain street at a point nearly opposite the rear end of the street car, which was about sixty feet from the nearest intersection corner. It will be observed that there was a street intersection crossing at hand in that case. Testimony was received in that case to the effect that people intending to take a street car at the intersection of the streets in question often crossed the street south of the intersection and at the point where the boy undertook to cross it. We there discussed the provisions of the ordinance of Seattle which, though not quoted in full, gave to pedestrians the right of way at intersections and crossings, and to vehicles the right of way at other points in the street. We there said:

"This, however, is far from forbidding pedestrians the use of streets between intersections. It is probably true that a pedestrian who crosses the street between intersections has imposed upon him a greater degree of care because of the right of way given to vehicles. But the fact remains that the pedestrian has a right to cross the street at places other than intersections. The testimony objected to did not tend to give the boy any greater rights than the law gave him. Nor did the receipt of this testimony tend to take away from appellant the preference right given by the ordinance. If people were in the habit of crossing the street at a place other than the intersection, they were doing what they had a lawful right to do, and the right of way given to appellant still existed. While the testi-

mony was probably immaterial, we cannot see that it was prejudicial.''

Appellants seize upon the last sentence in the above quotation to the effect that the testimony was probably immaterial, but not prejudicial. But in the present case the testimony was material, because of the fact that this was the only practicable way for passengers leaving street cars and becoming pedestrians to cross the street in question. The practice was compelled by necessity.

█ We have also held that, while the use of the streets by pedestrians between intersections is, by ordinance, a right inferior to vehicles and exacts a higher degree of care, such use is not contributory negligence in the absence of proof of conduct to relieve defendant of negligence as the proximate cause of injury. *Collins v. Nelson*, 112 Wash. 71, 191 Pac. 819.

We are convinced that the questions of negligence and contributory negligence were both properly submitted to the jury under proper instructions.

Appellants also contend that the verdict is excessive. After examining the record, we cannot so consider.

Finding no error in the record, the judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and FULLERTON, JJ., concur.