BURNELL LAIZURE, Appellee, v. DES MOINES RAILWAY COMPANY, Appellant.

No. 41220.

MARCH 15, 1932

REHEARING DENIED JUNE 24, 1932.

Corwin R. Bennett, for appellant.

Sloane & Sloane, for appellee.

FAVILLE, J.—There was a collision between a street car operated by the appellant and an automobile owned by the appellee. The street car was not injured. The automobile was damaged. The appellee brought this action seeking to recover on the basis of the reasonable cost of the labor and materials necessary to restore said automobile to as good a condition as it was in before it was damaged. The evidence on behalf of the appellee was all addressed to the several items necessary to restore the automobile to said condition and the reasonable value of said items. The evidence also showed that the total reasonable value of making the contemplated repairs was $189. The evidence also tended to show that, just before the collision, the reasonable value of the appellee's car was from $125 to $150. The jury returned a verdict for $112.50. The court instructed the jury as follows:

"If you should find from all of the evidence in this case that plaintiff is entitled to recover, you will then proceed to determine the amount of such recovery and you are instructed that the amount of the recovery, if the plaintiff is entitled to recover, would be the fair and reasonable amount of damages sustained by the said plaintiff in the said accident as shown by the evidence in this case, not exceeding the amount as stated in these instructions. The measure of damages to the plaintiff's Whippet coach in case you should find for the plaintiff and that his car has been damaged would be the actual and necessary expense in placing said car in substantially the same condition that it was immediately prior to the accident, unless you find that the cost of the repairs would be greater than the fair and reasonable market value of the car at the time of the accident.

You are instructed that it appears without dispute that the value of the car before the accident was from $125.00 to $150.00, and therefore the measure of recovery for damages to the car will be limited by the reasonable market value of the car just prior to the accident, and in no event exceeding the sum of $150.00. This limitation is not stated as an indication that such an amount, or any amount, is proper to be allowed by the jury, but as being the amount claimed in the plaintiff's petition and as limited by these instructions, and which therefore limits the amount of your verdict, if you find that the plaintiff is entitled to recover.''

The appellant contends that the court erred in giving this instruction.

In the recent case of Langham v. Chicago, R. I. & P. R. Co., 201 Iowa 897, at page 901, we laid down the general rules of law with respect to the measure of damages in cases of this character. The second of said rules, as announced by us in said cause, is as follows:

''Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.''

The case at bar comes squarely under the provisions of this rule, and the court, in giving said instruction to the jury, followed the rule as announced by us. We think this is the true rule. Applied to the facts of the instant case, the appellee owned a car that was worth, immediately prior to the accident, from $125 to $150. The car was damaged through appellant's fault. Appellee is entitled to have his car restored to the condition in which it was immediately prior to the accident, and the appellant is liable for the reasonable cost of the repairs necessary to restore the car to its value immediately prior to the accident. This would make appellant whole. This was the rule recognized by the trial court. The appellee is not entitled to a better car than he had immediately prior to the accident and to charge the appellant therefor. All he is entitled to is just com-

pensation for the damages done, and this means no more nor less than the necessary expense of restoring the car to the same condition in which it was immediately before the accident. In other words, he is entitled to the reasonable cost of the repairs necessary to restore the. car to its former condition. This cannot exceed the value of the car before the accident, even though more valuable repairs may be placed thereon. If the owner of the car has repairs placed on it which exceed in cost the necessary expense to restore the car to its value at the time of the accident, then he cannot hold the other party liable for such excessive repairs. To repeat, the appellee was entitled to recover from the appellant just so much, and so much only, in the way of repairs, as would restore the car to the condition in which it was immediately before the accident occurred. He is not entitled to a better car by reason of added repairs. He is entitled to have his car restored to the same condition it was in when the accident occurred. The verdict is within the amount allowable under the evidence and this rule of damages.

We find no error in the instruction given by the court or in any other matter urged by the appellant, and the judgment appealed from is—Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.