MICHAEL FALLON *v.* EDWARD D. COLLIER, JR.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 9—decided February 5, 1947

*William M. Harney* and *Louis W. Webber,* for the appellant (plaintiff).

*Joseph V. Fay, Jr.,* with whom was *Harrison D. Schofield,* for the appellee (defendant).

JENNINGS, J. This negligence action resulted in a defendant's verdict. The rules of the road, General Statutes, Cum. Sup. 1939, § 544e, contain a provision that the driver of a motor vehicle, in passing through an intersection, shall keep to the right of the center line of the highway along which he is proceeding. The principal question in the case is whether this provision applies to an operator driving along a one-way street. Failure to charge as requested and the charge as delivered are made the subjects of assignments of error in the plaintiff's appeal from the judgment.

The claims of proof of the plaintiff included the following facts: Pleasant Street in East Hartford runs north and south and is a one-way street for northbound traffic. Ash Street intersects it at right angles. On August 21, 1942, about 11:30 p.m., the plaintiff was walking east on Ash Street. William Woodbury was driving north on Pleasant Street followed by the defendant. Before it reached Ash Street the defendant's car was astride the center line of Pleasant Street. The plaintiff entered the intersection and saw the Woodbury car approaching before he reached the center line of Pleasant Street. He stepped backward, the Woodbury car passed in front of him and he was struck by the car driven by the defendant as the latter turned left to pass the Woodbury car. The car driven by the defendant was to the left of the center of Pleasant

Street at all times while it was within the intersection.

The claims of proof of the defendant differed from those of the plaintiff principally in that the former claimed to have shown that he first saw the plaintiff when the Woodbury car turned sharply to its right and that, faced with an emergency, he turned left in an attempt to avoid hitting the plaintiff.

On this state of facts the plaintiff requested the court to charge that in accordance with the rule of the road, cited above, the defendant was negligent if he operated his car within the intersection to the left of the center line of Pleasant Street. The court charged directly to the contrary. After noting the fact that Pleasant Street was a one-way street, the charge went on: ". . . and the fact that he proceeded through the intersection, though he was on the left side of the center line of Pleasant Street at the intersection of Ash Street, in and of itself is not negligence."

There is no ambiguity in the wording of the statutory provision in question, and without question it applied to the defendant. Attempts have often been made to evade the effect of various provisions of the statute containing the rules of the road, but without success, except in *Hensen* v. *Connecticut Co.*, 98 Conn. 71, 77, 118 A. 464. This case indicated that proof of the existence of a customary route to the left of the center might, if known to the driver, excuse failure to keep to the right. It has been impliedly overruled on this point. *Murphy* v. *Way,* 107 Conn. 633, 637, 141 A. 858. The leading Connecticut cases are cited in *England* v. *Watkins Bros., Inc.,* 122 Conn. 1, 6, 186 A. 484. The defend-

ant suggests various reasons why he should be excused. He claims that he was "entrapped into noncompliance by relying upon the direction of the traffic authority which established Pleasant Street as a one-way street." It does not appear by what authority Pleasant Street became one-way. Assuming that it was legally established as such, it does not follow that the rule of the road here involved is thereby repealed. There may be practical objections to allowing traffic to use the full width of a one-way street between intersections and confining it to its right half of the street at intersections, but the situation presents no physical impossibility. For the reasons stated in the cases referred to, the exception, if any, must be added by the legislature to those already inserted in the statute by it. There are numerous cases involving one-way streets but only one has been found closely in point. It agrees with the conclusion reached. *Kenney* v. *Hoerr,* 324 Mo. 368, 371, 23 S.W.2d 96. This discussion disposes of the defendant's claim that the enforcement of the statute is impractical under the circumstances. His claim that the center line is somewhere between Pleasant Street and another one-way street carrying southbound traffic is without merit.

The defendant also claims that he was faced with a sudden emergency not arising out of his own negligence. The trouble with this claim is that, on the finding, the emergency, if one existed, must have arisen out of the defendant's negligence. All he had to do was to stay on the right of the center line of Pleasant Street when passing through the intersection and no damage would have been done.

It is unnecessary to consider the other assignment of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.