TAYLOR LANGNER, Appellee, v. M. C. CAVINESS, doing business under the trade name of HOME FUEL & SUPPLY COMPANY, et al., Appellants.

No. 46986.

JULY 29, 1947.

Jones & White and W. T. Barnes, all of Ottumwa, for appellants.

Thoma & Thoma, of Fairfield, for appellee.

GARFIELD, J.—Plaintiff's truck and the truck of defendant Caviness, driven by defendant Woolums, were engaged in hauling crushed rock on a road-surfacing project for Jefferson county. They collided in daylight on a dirt road. Plaintiff's empty truck was going north to the quarry, up a hill about eleven hundred feet long. The Caviness truck, loaded with five to six tons of rock, was going south down the hill. The slope or grade of the hill varied from seven to eleven per cent. The trucks collided about two hundred fifty feet south of the top of the hill.

The traveled portion of the road in the general vicinity was twenty to twenty-two feet wide. However, at about the point of collision the west two and one-half to four feet of the grade had washed out to a depth of about four feet. The distance from the east side of the washout to the east shoulder of the road was variously given as from ten to nineteen feet. The collision occurred on plaintiff's (east) side of the road almost opposite, or within some fifteen feet north of, the washed-out place. Each driver charged the other with excessive speed and failure to yield the right of way. The jury returned a verdict against both defendants for $1,300, upon which judgment was entered.

I. Upon this appeal defendants complain that the trial court struck from their answer allegations of a custom between truckers pertaining to the right of way under such circumstances as are shown there. The stricken allegations (slightly paraphrased for the sake of brevity) are:

"Defendants further state that defendant Woolums, traveling down a hill with a loaded truck, approaching a narrow place in said roadway and about to meet the empty truck driven by plaintiff traveling up the hill, relied upon a well established custom long existing between truckers when working upon public works of the character upon which plaintiff and defendant Woolums were then working, known to plaintiff or by the exercise of reasonable care should have been known, that a driver of an empty truck would yield the right of way to the driver of a loaded truck when about to meet in a narrow or defective place in a highway * * * that plaintiff failed to observe said long established custom to yield to the loaded truck the right of way when approaching said narrow place in said roadway and contrary thereto drove into said narrow portion of said roadway at a high rate of speed, attempting to beat said defendant's approaching truck to said narrow place or to pass therein; and that said failure to so yield the right of way was negligence which contributed to the collision and the resulting damage sustained by plaintiff."

Plaintiff's motion to strike the above allegations, which was sustained, stated they constitute no defense or excuse for failure to exercise the statutory care required of defendants in the operation of their truck. Defendants contend the stricken allegations properly bear on the issue of plaintiff's freedom from contributory negligence. They concede that custom or usage will not justify or excuse a negligent act. (See 38 Am. Jur., Negligence, section 34; 45 C. J., Negligence, section 803; Johnson v. Plymouth Gypsum Plaster Co., 174 Iowa 498, 503, 156 N. W. 721; Hamilton v. Chicago, B. & Q. Ry. Co., 145 Iowa 431, 436, 124 N. W. 363.) Therefore, no reliance is placed on the stricken allegations as an excuse for Woolums' alleged negligence.

This appeal is presented by both sides largely as if the trial court had ruled directly against the admissibility of evidence in support of the pleaded custom. The parties have apparently assumed defendants were precluded by the striking of the allegations from offering such evidence. Also that if evidence to prove the custom would be admissible, which plaintiff denies, the pleading would be proper. We proceed on the same assumptions, without deciding whether evidence of such a custom may be offered in a negligence case without pleading it. On the necessity of pleading custom in such a case, see 38 Am. Jur., Negligence, section 267; annotations 151 A. L. R. 324, Ann. Cas. 1912B, 1064. See, also, 25 C. J. S., Customs and Usages, section 32.

It is well settled, subject to certain qualifications, that upon the issues of negligence and contributory negligence evidence of custom in the performance of similar acts, while not a conclusive test, is generally admissible. 38 Am. Jur., Negligence, section 317; Webber v. Larimer Hdwe. Co., 234 Iowa 1381, 1386, 15 N. W. 2d 286, 289, and authorities cited; Wood v. Tri-States Theater Corp., 237 Iowa 799, 807, 23 N. W. 2d 843, 847. Conformity with custom is some proof of due care and nonconformity some proof of negligence. Hubb Diggs Co. v. Bell, Tex. Com. App., 1 S. W. 2d 575, 576. See, also, LaSell v. Tri-States Theatre Corp., 233 Iowa 929, 943, 11 N. W. 2d 36, 44.

It is generally held, however, that a custom which conflicts with a statutory provision will not be enforced. Where there is such conflict, the statute must control. 55 Am. Jur., Usages and Customs, section 17; 25 C. J. S., Customs and Usages, section 10b; Harris v. Rutledge, 19 Iowa 388, 87 Am. Dec. 441; Milroy v. Chicago, M. & St. P. Ry. Co., 98 Iowa 188, 197, 67 N. W. 276. Accordingly, it is usually held that a custom contrary to statute or ordinance may not be shown to excuse a violation thereof. 1 Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., 458, 460, section 651; 15–16 Huddy Cyclopedia of Automobile Law, Ninth Ed., 371, 373, section 201.

However, there are decisions that evidence of custom is admissible even for the purpose of excusing noncompliance with

a state or municipal regulation. Dugan v. Fry, 3 Cir., N. J., 34 F. 2d 723, 724, 725; Pollock v. Hamm, 177 Ark. 348, 6 S. W. 2d 541; Tobin v. Goodwin, 157 Wash. 658, 290 P. 215. See, also, Hensen v. Connecticut Co., 98 Conn. 71, 118 A. 464, 467. As stated, defendants do not contend the custom upon which they rely could excuse the negligence charged against Woolums but argue only it may be considered on the issue of plaintiff's freedom from contributory negligence.

Plaintiff asserts the pleaded custom may not be shown for any purpose because, it is said, it conflicts with section 321.298, Code, 1946 (section 5024.02, Code, 1939), which requires persons in vehicles meeting each other on the public highway to give half the traveled way by turning to the right. A violation of this requirement is prima facie evidence of negligence. Kisling v. Thierman, 214 Iowa 911, 914, 243 N. W. 552; Lang v. Siddall, 218 Iowa 263, 269, 270, 254 N. W. 783, and cases cited.

We think the custom pleaded here cannot be invoked to supersede or nullify the above statute. But it does not follow that such custom cannot be considered in determining whether plaintiff was free from contributory negligence.

All motorists are under a two-fold duty: to comply with applicable traffic regulations and to exercise the care of the ordinarily prudent person under the circumstances. The requisite degree of care in the performance of the second duty is measured by the care ordinarily exercised under such conditions. On the question whether plaintiff performed the second of these two duties defendants were entitled to offer evidence of what was usual and customary under like circumstances.

The trial court ruled in effect plaintiff could ignore the pleaded custom and if he complied with the statute on meeting vehicles he did all that was required of him. This overlooks the fact plaintiff was also required to act with the care of the ordinarily prudent person. A motorist who complies with statutory provisions does not necessarily exercise such care. Statutes, in effect, prescribe only the minimum of prudent conduct. The jury could properly find mere compliance with the statute was not ordinary care on plaintiff's part under the circumstances

here, including the pleaded custom, if it were established and if it were further shown plaintiff knew, or in the exercise of reasonable care should have known of it.

The stricken portion of defendants' answer alleges in effect that plaintiff knew or should have known Woolums would not yield the right of way because of the claimed custom among fellow truckers on such a project. We have frequently held a motorist may assume that other motorists will observe the law *unless he knows or in the exercise of ordinary care should have known otherwise.* Thordson v. McKeighan, 235 Iowa 409, 418, 16 N. W. 2d 607, 611; Coon v. Rieke, 232 Iowa 859, 863, 864, 6 N. W. 2d 309, 311; Johnston v. Calvin, 232 Iowa 531, 534, 5 N. W. 2d 840, 842, and cases cited. The jury was so instructed here and neither side excepted to the instruction.

If because of his knowledge of the pleaded custom it was apparent to plaintiff that Woolums was not going to yield half the road, the jury could properly find plaintiff should have stopped his truck, not because of any statute but by reason of his obligation to use due care. See Jordan v. Schantz, 220 Iowa 1251, 1256, 264 N. W. 259; Coon v. Rieke, supra. The pleaded custom, if plaintiff knew or should have known of it, was relevant and material upon the question whether ordinary care required plaintiff to stop, reduce his speed, or take some other precaution to have avoided injury. If defendant violated the statute on meeting vehicles, plaintiff was not thereby excused from exercising ordinary care on his part.

Our conclusion is amply supported by authority. In Mann v. Standard Oil Co., 129 Neb. 226, 261 N. W. 168, defendant offered evidence of a recognized custom to signal a left turn by opening the left door and that its truck driver gave such signal. The statute required an arm signal. The court holds the custom could not supersede the statute but the evidence was admissible upon the issue of plaintiff's contributory negligence. Hensen v. Connecticut Co., supra, 98 Conn. 71, 118 A. 464, 466, holds testimony was properly received that defendant's truck, on the left, took the usual and customary course, not to justify the driver's negligence but solely as affecting the question of the care ex-

ercised by plaintiff, if it were found plaintiff was familiar with the locality and the prevailing custom. We may observe there is substantial evidence here that plaintiff was familiar with the condition of the road and the location of the washout.

Muir v. Cheney Bros., 64 Cal. App. 2d 55, 148 P. 2d 138, 141, involves the question of right of way at an intersection and holds evidence of the customary course of traffic at the intersection was properly received, not to excuse plaintiff's failure to yield the right of way but to give the jury full knowledge of the circumstances at the time and place of the collision, which were known to the parties, so as to permit the jury to decide whether plaintiff acted as an ordinarily prudent person in the light of such circumstances.

It is also held evidence of custom was properly received as bearing on contributory negligence in Scott v. McKelvey, 228 Iowa 264, 268, 290 N. W. 729; Pollock v. Hamm, supra, 177 Ark. 348, 6 S. W. 2d 541; City of Pampa v. Todd, Tex. Civ. App., 39 S. W. 2d 636; Tobin v. Goodwin, 157 Wash. 658, 290 P. 215. In the Scott, Pollock, and Tobin cases a state or municipal regulation was applicable to the matter upon which the testimony was received. See, also, Hamilton v. Chicago, B. & Q. Ry. Co., 145 Iowa 431, 436–438, 124 N. W. 363; Thayer v. Smoky Hollow Coal Co., 121 Iowa 121, 127, 96 N. W. 718; Brown v. Bush, 220 Ala. 130, 124 So. 300.

II.   The measure of plaintiff's recovery for damage to his truck, as pleaded and proven by him, was the reasonable value of the necessary repairs, plus the reasonable value of the use of the truck while being repaired with ordinary diligence, not exceeding the value of the truck before the collision. It was shown the reasonable value of the labor and material for the necessary repairs was $671. It took sixty-five days to obtain the necessary parts to repair the truck. In the summer of 1942, when the collision occurred, both trucks and parts were in great demand. It was shown the reasonable value of the use of the truck at that time was $23 a day. Thus plaintiff's total damages for repairs and loss of use exceeded $2,200. However, the value of the truck before the collision was only $1,300. As stated, the verdict was for this last amount.

Sometime after it was repaired (the exact time does not appear) plaintiff sold his truck. Defendants complain they were not permitted to show, on plaintiff's cross-examination, the sale price. The record is as follows:

"Q. What did you get for the truck? A. $800. Mr. Thoma: Just a moment. Objected to as immaterial and irrelevant. The court: Sustained."

Perhaps a sufficient response to this contention is that since no motion was made to strike plaintiff's answer it remained part of the record. State v. Rowe, 238 Iowa 237, 246, 26 N. W. 2d 422, 426, and authorities cited. Aside from this, we see no error in the ruling.

It is argued that since the verdict was for the full value of the truck before the collision, plaintiff made a profit by selling the truck and recovering the verdict. Laizure v. Des Moines R. Co., 214 Iowa 918, 241 N. W. 480, is cited. The case is not in point. There nothing was claimed or allowed for loss of use of the vehicle while being repaired. The measure of recovery was therefore the reasonable cost of repair not exceeding the value of the car before the injury. Here, however, the greater part of plaintiff's damage was from loss of use of the truck while being repaired with ordinary diligence. The recovery of $1,300 was not for the value of the truck as such but because plaintiff could not recover more for cost of repair and for loss of use of his truck while being repaired than its value before the collision. However, he was entitled to recover that much. Langham v. Chicago, R. I. & P. R. Co., 201 Iowa 897, 901, 208 N. W. 356, 358; Laizure v. Des Moines R. Co., supra; Kohl v. Arp, 236 Iowa 31, 33, 17 N. W. 2d 824, 826.

III. Defendants' complaint against instruction 20 on the measure of plaintiff's recovery is without merit. The instruction accurately states the law as announced in the second rule laid down in Langham v. Chicago, R. I. & P. R. Co., supra. Defendants excepted to the instruction on the ground plaintiff could not recover more for repairs and for loss of use of his truck while undergoing repairs than the difference in its value immediately before and immediately after the collision. The

Langham case and those that follow it limit recovery *for repairs and loss of use during repairs* to the value of the vehicle before the injury and not to the difference in its value before and after such injury.

For the error discussed in Division I defendants are entitled to a new trial and the cause is therefore—Reversed.

OLIVER, C. J., and BLISS, HALE, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.