Elías Torres Rodríguez, Plaintiff and Appellee, v. Manuel González, Esteban Negrón, and Hartford Accident and Indemnity Company, Defendants and Appellants.

No. 9550. Argued January 13, 1948.—Decided January 16, 1948.

James R. Beverley, José López Baralt and R. Rodríguez Lebrón, for appellants. Fernández Méndez & Orraca Torres, for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Elías Torres Rodríguez filed, in the District Court of San Juan, a complaint in an action for damages against Manuel

González, Esteban Negrón, and Hartford Accident and Indemnity Company, setting up two causes of action; one for injuries to property and another one for personal injuries.[1] In the first, $12 was claimed for towing the injured automobile from the place of the accident to the repair shop; $600 for the total repairs on the vehicle; $725 for loss of use of the injured vehicle; and $500 for its depreciation. In the second, damages were claimed for physical injuries, medical attention, medicine, transportation expenses from Cayey to San Juan for medical attention, two X-ray photographs, and mental and moral suffering sustained by the plaintiff.

After the corresponding answer was filed and the proper trial held, the district court rendered a decision adjudging the defendants to pay $12 for the towing of the vehicle from the place of the accident to the repair shop; $600 for the total cost of repairing; $500 for depreciation and $720 for loss of use of the vehicle while it was being repaired, together with $100 for physical injuries, $65 for medicine, X-ray photographs, and other expenses, and $50 for physical and mental suffering. The plaintiff was also awarded costs and attorney's fees.

Upon a reconsideration being requested, it was denied. The defendants thereupon appealed to this Court, but only as to a part of the judgment, and in the brief filed in support of their appeal they only urge that "the lower court erred in awarding to the plaintiff-appellee $500 for depreciation of his vehicle and $720 for loss of use from January 17, 1946, to March 30 of the same year."

■ Ordinarily, where by the wrongful act or negligence of a third person, an automobile is injured, such injuries not amounting to a total destruction, the measure of recovery is the difference between the market value of the vehicle im-

---

[1] The first of the defendants was the owner of the bus which caused the damages to the plaintiff; the second was the chauffeur who drove it at the time of the accident; and the third was the insurer of the vehicle which caused the damages.

mediately before the accident and its market value immediately thereafter. Huddy, Encyclopedia of Automobile Law, vol. 17–18, § 250, p. 520; Restatement of the Law, Torts, § 928, p. 658; 15 Am. Jur. § 124, p. 532. If after the repairs are made the market value of the vehicle is less than the original value thereof, then the measure of damages is the cost of repairs together with the loss in value by reason of the accident. Huddy, *supra,* § 253, p. 529; *Yawitz Dyeing and Cleaning Co.* v. *Erlenbach,* 221 S. W. 411; and 32 A.L.R. 712. In addition to the cost of repairs, the owner is entitled to recover for the loss of use of the vehicle. 15 Am. Jur., § 129, p. 537; 25 C.J.S. 600; *Traut* v. *Horace L. Winslow Co.,* 201 Ill. App. 83; *Fisher* v. *City Dairy Co.,* 113 Atl. 95, 137 Md. 601; Huddy, *supra,* § 254, p. 533.

However, when a vehicle is totally destroyed, the measure of damages is its market value at the time of the accident, but in such case there can be no recovery for the loss of use. *Rodríguez* v. *Martínez,* 55 P.R.R. 56, 61; *Colón* v. *Shell Co.,* 55 P.R.R. 574, 606; 25 C.J.S. § 83, p. 602.

Nevertheless, in the instant case there is no dispute as to the recovery for repairs, since the controversy turns solely upon the question of whether, in addition to the total cost of repairs, recovery may be had for the depreciation or loss of value of the vehicle and for the loss of use thereof, pending its repair. It must be borne in mind that the lower court granted, not only the cost of repairs, but also the depreciation and the loss of use.

The defendants maintain that, if the views of the district court should prevail, the plaintiff would be more benefited than if the vehicle had been totally destroyed. According to the evidence introduced, the injured automobile, of the Plymouth make, cost the plaintiff $1,612 several years before the accident; but due to the inflation caused by the war and to the scarcity of automobiles, the plaintiff was repeatedly offered $2,000 for the vehicle. After the accident, and fol-

lowing the repairs already mentioned, the plaintiff, according to his testimony, had difficulty in selling the vehicle and finally obtained $1,500 for it. The defendants argue that, if in addition to the $1,500 received by him from the sale of the vehicle,[2] the plaintiff should be awarded $500 as depreciation, plus $720 for the loss of use, he would receive the total sum of $2,720, which exceeds the value of the automobile at the time of the accident.

Regarding the decrease in value and loss of use, as it frequently happens, there exists a divergence of views among the decisions of the continental courts, for, while there are States as New York, Iowa, and Arkansas, where it is held that when an accident occurs, caused by the wrongful act or negligence of a defendant, and plaintiff's vehicle is not totally destroyed, the plaintiff will be entitled to recover only the value of the repairs together with the depreciation or diminution in value, if any, or the value of the repairs together with the loss of use, but never those three items,[3] there are, however, other States, as Alabama, Texas, and Connecticut, where the opinion has been expressed that in cases of this sort the plaintiff is entitled to recover, not only the value of the repairs, but also the decrease in value and the loss of use.[4] It seems to us that the latter is the sounder and wiser doctrine, inasmuch as, otherwise, in case of an accident causing injury to his vehicle, the owner thereof would not receive full compensation for all the damages sustained.

---

[2] It should be recalled that there is no controversy whatsoever as to the $612 paid by the plaintiff for the towing and repairing of the automobile, for which reason no mention is made of that amount in the calculation set forth above.

[3] *Howe* v. *Johnston,* 221 N.Y.S. 516, 220 App. Div. 170; *Patane* v. *State,* 186 N.Y.S. 225, 115 Misc. Rep. 713; *Laizure* v. *Des Moines Ry. Co.,* 241 N.W. 480, 214 Iowa 918; *Madison-Smith Cadillac Co.* v. *Wallace,* 181 Ark. 715, 27 S.W. (2d) 524.

[4] *Cooke* v. *Edwards* (Alabama) 108 So. 857; *Chicago R. I. & G. Ry. Co.* v. *Zumwalt,* (Texas) 239 S.W. 912, and cases cited therein; and *Doolittle* v. *Otis Elevator Co.,* 98 Conn. 248, 118 Atl. 818. See also *Copadis* v. *Haymond* (N.H.), 47 Atl. (2d) 120; *Chase Bag Co.* v. *Longoria* (Texas, 45 S.W. (2d) 242 and the monographs in 169 A.L.R. 1074 and 1100.

█ In the instant case, it is indisputable that the plaintiff paid $12 for towing the vehicle and $600 for the repairs made to his automobile. Regarding these two items, we repeat, there is no controversy whatever. It is also indisputable, according to the evidence introduced, that the plaintiff was repeatedly offered the sum of $2,000 for his vehicle, and that after the accident, the value thereof, according to the statements of the witness Aníbal Dávila, fluctuated between $1,400 and $1,600, and according to the plaintiff's own testimony, it was only $1,500, which amount he obtained for his automobile only after great efforts. Therefore, if the automobile had been sold before the collision, $2,000 would have been obtained for it. As it was sold for $1,500 after the accident, it clearly appears that the vehicle had a depreciation in value amounting to $500, for which the owner should be compensated.

The evidence introduced by the plaintiff and not controverted by the defendant also shows with great clearness that the plaintiff, who was a merchant and resided in Cayey at the time of the accident, used the injured vehicle for the purposes of his business; that he had contracts for stone and trucks in Aguadilla and sold soap and fodder; that he came from Cayey to San Juan to buy and sell cement and iron rods; and that he also sold stone and gravel in Aguadilla in the Naval Base, in other places, and to the Insular Government. The evidence likewise showed that, due to the accident, the plaintiff had to use, in connection with his business, a truck owned by him; that prior to the collision in which his automobile was injured, that truck was hired by him to other persons and it produced him about $60 to $100 weekly, but never less than $10 daily.

The evidence further established that shortly after the accident, defendant's automobile was taken to a shop where it was repaired; that the injuries were serious; that it took a blacksmith about one month to repair them, during which time he not only performed the work of a blacksmith but

also that of a mechanic; that the witness Aníbal Dávila performed the tinning, sadlery, and painting work; that the repairing took about three months, due to the difficulties encountered because of the war and the prevailing scarcity of materials; that the plaintiff came to San Juan almost weekly to see how the repairs were being made.

The defendant did not offer any evidence whatever and the lower court, upon weighing the one introduced by the plaintiff, reached the conclusion that the depreciation sustained by the vehicle by reason of the accident, should be fixed in $500 and the loss of use in $720, that is, 72 days at $10 per day. A careful examination of the record convinces us that the lower court weighed correctly said evidence, both as to the decrease in value of the vehicle and as to the loss of use. That being so, we should not disturb its findings.

When the accident occasions a total loss to the plaintiff, as we have already indicated, the latter is only entitled to recover the market value of the vehicle at the time of the collision. Naturally, he is not entitled to any depreciation. There is no right to the loss of use either. As to this last item, it might be argued that when there is a total destruction, the plaintiff has also sustained a loss in not being able to use his vehicle and that, in spite of this, no compensation is granted for the loss of use. The answer to such an argument would be that the delay incident to the litigation in tort cases are risks or misfortunes to which everybody, sooner or later, is subjected without being entitled to any indemnity whatever for the trouble which such delays might cause us.

However, when there is no total destruction, the plaintiff should be compensated for all the damages suffered by him. Of course, it must be proved that the fault or negligence has not been his but defendant's. Under this last doctrine, the plaintiff apparently always receives for his vehicle a sum greater than that which he would have received if there had

been a total destruction. But it might be said that this is a fallacy. The plaintiff in the instant case paid $612 for towing and repairs, and after the latter were made his vehicle was worth $1,500. The depreciation was proved, and it was likewise proved that he failed to receive the sum of $720, which he would have received if the accident had not occurred and if he had hired his truck to a third person, as he customarily did. Under these circumstances, the $720 should not be computed as part of the price of the vehicle, but rather as compensation for a loss which the plaintiff actually sustained.

In connection with the damages to be awarded in cases not involving a total destruction of the injured chattel, the Restatement of the Law, Torts, § 928, p. 658, says:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for (a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value after repairs, and (b) the loss of use."

In *Boria* v. *The Maryland Casualty Co.*, 60 P.R.R. 808, 814, this Court had occasion to discuss a case which is somewhat similar to the present one. Although the complaint in said case was dismissed for lack of evidence to support the contentions of the plaintiff, it was intimated, nevertheless, that if there had been sufficient supporting evidence, the conclusions of the court would have been similar to those reached herein.

The judgment appealed from should be affirmed.