**Edith M. Janicek and Eric M. Janicek, Plaintiffs-Appellees, v. Stanley Szmitke, Defendant-Appellant.**

**Gen. No. 11,854.**

Second District.

May 14, 1964.

Corrigan and Mackay, of Wheaton (John R. Mackay and Bruce R. Fawell, of counsel), for appellant.

No briefs filed for appellee.

MORAN, J.

The only issue in this case is the proper measure of damages where the cost of repairing personal property damaged in an accident exceeds the value of the

property before the accident. The trial court heard the case without a jury and entered judgment for the plaintiffs in the amount of $399.93, which admittedly exceeds the value of their automobile before the accident, and the defendant appeals.

The parties jointly moved this Court to dispense with the filing on an abstract and the motion was allowed. The defendant filed his brief but no briefs were filed on behalf of the plaintiffs.

The parties have entered into a stipulation of facts which is as follows:

> "1. On February 7, 1962, the plaintiffs were the owners of a 1953 Tudor Custom Ford with a standard transmission that had been driven 66,000 miles and was in A-1 condition.
>
> "2. The plaintiffs' automobile was legally parked and was struck by the motor vehicle operated by the defendant who admitted responsibility for the accident.
>
> "3. The plaintiffs incurred and paid the following bills as the result of the accident in question:
>
> | | |
> |---|---|
> | Towing .................... | $ 30.00 |
> | Vehicle repairs ............ | 333.62 |
> | Purchase of new tire ....... | 36.31 |
>
> "4. The only evidence introduced regarding the value of the automobile was that of the defendant's insurance appraiser and adjuster who testified that its value before the impact did not exceed $175.00 and its value afterwards was $50.00.
>
> "He further testified that the then current Red Book of automobile values did not list the values of 1953 Ford automobiles, but that it did value a corresponding 1954 Ford in the amount of $150.00."

It further appears from the record that what the stipulation lists as a $30 bill for towing was actually a $10 charge for towing and a $20 charge for "storage."

The defendant claims that the proper measure of damages in this case is the difference between the fair market value of the vehicle immediately before the occurrence and the fair market value of the unrepaired vehicle immediately afterward. Even though the plaintiffs did not file a brief in support of their judgment, the Court will assume their contention to be that the costs of repair as shown by their paid receipts is the true measure of damages.

In Santiemmo v. Days Transfer, Inc., 9 Ill App2d 487, 502, 133 NE2d 539 (1st Dist 1956), it was stated:

> "Where property has been injured by a defendant and can be repaired, the true measure of damages in the reasonable costs of repairs, *providing* that it is less than the value of the property before the injury. . . . The plaintiff could not recover the costs of repairs exceeding the value of the truck." (Emphasis added.)

We feel this is the correct rule.

In the case at bar the only evidence as to the value of the car was the defendant's evidence that it was worth $175 before the accident and $50 after the accident. Ordinarily, the question of damages is for the trier of fact to determine. However, in this case the evidence was uncontradictable that the cost of repairs was greater than the value of the vehicle prior to the collision, and therefore the rule ennunciated in the case of Santiemmo v. Days Transfer, Inc., supra, should have been applied.

The defendant contends that plaintiffs should be required to remit the entire difference between $125 and $399.93, or $274.93. We agree that plaintiffs

should remit, but disagree as to the amount. Whether the plaintiffs car was repaired or not, it had to be taken off the street, and, from the fact that it was towed, we infer that it was not driveable. Defendant has stipulated that the towing bill was "incurred . . . as a result of the accident . . ." so there appears to be no dispute as to the necessity of the towing. The defendant was therefore liable for any reasonable towing charge. The record does not show the circumstances of the towing, but the $10 charge was, according to the stipulation, paid by the plaintiffs, and was, therefore, prima facie reasonable. The defendant does not contend otherwise, and has made no attempt to show that the allowance of the towing charge was against the manifest weight of the evidence, as it was his burden to do. Accordingly, we hold that the plaintiffs should be allowed the difference between the fair market value of their car before and after the accident, or $125, plus the $10 towing charge, for a total of $135. Subtracting this amount from the judgment we arrive at $264.93, as the sum which should be remitted.

If plaintiffs will file with this Court within twenty days a remittitur in such amount the judgment of the County Court of DuPage County will be affirmed; otherwise, the judgment will be reversed and the cause remanded for a new trial.

Affirmed upon filing remittitur; otherwise, reversed and remanded.

ABRAHAMSON, P. J. and CARROLL, J., concur.