TRAILMOBILE DIVISION OF PULLMAN, INC., Plaintiff and Counterdefendant-Appellant, *v.* LEONARD HIGGS *et al.,* Defendants and Counterplaintiffs-Appellees.

(No. 72-170;

Fifth District—May 31, 1973.

Charles W. King, of King and Naegler, of Edwardsville, for appellant.

James J. Gomric, of Belleville, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff-appellant sued to recover a balance of $2,110.45 owing on a trailer sale from defendants. The defendants counterclaimed, apparently basing their action on strict liability after the fashion of *Suvada v. White Motor Co.*, 32 Ill.2d 612, 210 N.E.2d 182. The court found in favor of the counterplaintiff, fixing damages in the amount of $3,031.05. The appeal is from the judgment on the counterclaim, the plaintiff contending that the proof on the counterclaim was insufficient and that the court applied the improper rules in measurement of damages.

No question is raised in this court but that strict liability extends to include claims for property damage. Accordingly, we will not raise this point ourselves but will pointedly note that we do not address the question. Both parties have advised us that liability on the counterclaim is based upon strict liability, although there was some mention at the trial of matters of warranty. We will consider this case only on the basis on which it is presented to us by the parties.

With respect to the adequacy of the evidence to prove counterplaintiff's claim, the only contention of the plaintiff is that there was no evidence that the allegedly defective condition of the product relied on existed at the time the trailer left the hands of the manufacturer, Trailmobile. It is the evidence of the counterplaintiff, without contradiction, that he ordered a trailer from the plaintiff, that the trailer was picked up by counterplaintiff's driver, that he agreed by execution of the chattel mortgage that he had inspected the unit, agreed it was in good working order, and agreed to provide and pay for all repairs and maintenance, that the truck was operated over the road for a year, carrying loads up to 40,000 pounds, that it was inspected regularly and afforded no difficulty during the year, that he examined the racks and weld, that he was not an engineer, had no concern about the weld, and it looked all right.

While being operated upon the highway the tire rack, which had been welded on, came off, striking portions of the trailer, and causing damage. The sole direct evidence was the statement of the counterplaintiff, "The spare tire rack came loose because the welds broke." It was the personal theory of the counterplaintiff that plaintiff was obliged to repair the rack and all other damage which occurred in the incident. Accordingly, he took the trailer to a Trailmobile office and dropped it off, ceased making payments, and waited for their action until Trailmobile repossessed the trailer.

■■ Although this case approaches very close to the bare minimum, the trial judge as trier of fact had circumstantial evidence from which he could find that there was evidence which tends to prove that the product failed to perform in the manner reasonably to be expected in the light of its nature and intended function, as set forth in our decision in *Bollmeier v. Ford Motor Co.*, 130 Ill.App.2d 844, 265 N.E.2d 212, and under the terms of *Dunham v. Vaughan & Bushnell Mfg. Co.*, 42 Ill.2d 339, 247 N.E.2d 401. We are able to arrive at this conclusion only upon the very narrow nature of the controversy as submitted by the parties.

■■ It is apparent, however, that the trial court misconceived the proper rule on the measure of damage. In its judgment order the trial court rendered judgment in favor of plaintiff Trailmobile on its complaint in the amount of $2,110.45, which was the balance due on the purchase contract. The court further rendered judgment in favor of defendants-counterplaintiff on his counterclaim against Trailmobile in the amount of $5,141.50. By offsetting plaintiff's judgment on its complaint the court rendered judgment in favor of defendants-counterplaintiff for $3,031.05. In assessing damages upon the counterclaim the court apparently used as the measure of damages the cost to the counterplaintiff of rental of a substitute trailer for a period of two years. Counterplaintiff produced no evidence regarding the repairability of the trailer, the cost of repair or evidence of the value of the trailer after repairs. Neither is it apparent whether any consideration was given to the question of mitigation of damages. The measure of damages for a repairable injury to personal property is ordinarily the cost of making the repair and the value of the use of the property while the owner is necessarily deprived of it by reason of the repair. If the property is worth less after it is repaired than its value before the injury, the measure of damages is the difference in the market value before the injury and in its repaired condition in addition to the reasonable cost of repairs. Where, however, the property cannot be economically repaired the measure of damages is the difference between the market value of the property before the injury and the value of the wreckage. *Janicek v. Szmitke*, 48 Ill.App.2d

214, 198 N.E.2d 694; *Central Illinois Light Co. v. Stenzel,* 44 Ill.App.2d 388, 195 N.E.2d 207; *Traut v. Horace L. Winslow Co.* (abstract opinion), 201 Ill.App. 83; I.L.P. Damages, sec. 144.

The judgment finding liability on the counterclaim is affirmed and the cause is remanded to the trial court for proof and assessment of damages in accordance with this opinion.

Affirmed in part, reversed in part, and remanded.

EBERSPACHER, P. J., and CREBS, J., concur.