Charles E. Welter, Appellee, v. Ruby H. Schell and C. H. Briggs, Defendants. Ruby H. Schell, Appellant.

**Gen. No. 33,310.**

Opinion filed May 20, 1929.

Amos W. Marston and Sheridan E. Fry, for appellant.

Earl J. Walker, for appellee.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against the defendants to recover damages claimed to have been sustained by him as a result of a collision whereby plaintiff's automobile was damaged. The jury by its verdict found defendant Ruby H. Schell guilty, assessed plaintiff's damages at the sum of $1,200, and found defendant Briggs not guilty. Judgment was entered against Schell on the verdict and he appeals.

The record discloses that on August 13, 1926, an employee of defendant Briggs was driving plaintiff's automobile east on Greenleaf street in Evanston, and when crossing Forest avenue, a north and south street, it was struck and damaged by defendant Schell's automobile. At the time plaintiff's wife, Katherine

Welter, was riding in plaintiff's automobile and was injured in the collision. She brought suit against the same defendants, Schell and Briggs, and the jury found Schell guilty and defendant Briggs not guilty. Judgment was entered on the verdict and Schell appealed to this court where, upon consideration, the judgment was affirmed, the opinion being rendered February 11, 1929. (*Welter v. Schell,* 251 Ill. App. 615.) The evidence in that case as to how the accident occurred is substantially the same as the evidence in the case before us; it will therefore be unnecessary for us to discuss those facts again. A number of points urged in the personal injury action are again urged here, but we are entirely satisfied with our former opinion and for this reason it will also be unnecessary for us to discuss many of the points made on this appeal.

The defendant contends that the declaration does not state a cause of action because there is no allegation that the plaintiff was in the exercise of due care to avoid the injury. It is alleged in the declaration that plaintiff's automobile was being repaired by defendant Briggs, and was being driven at the time of the collision by an agent of Briggs for the purpose of ascertaining whether the repairs had been properly made. Obviously, in these circumstances there would be no necessity for an allegation of due care on the part of plaintiff. His automobile was in the custody of Briggs at the time.

Complaint is also made to the giving of instructions at the request of the plaintiff, and others at the request of the defendant Briggs, and further that there was error in the refusal of the court to give certain instructions requested by defendant Schell. We have carefully examined all of the contentions made, and while the rulings on the instructions were not accurate in some respects, we think the issues were fairly submitted to the jury; the facts are not at all complicated.

The collision between the automobiles took place at the intersection of two streets in Evanston, on a bright day, and there was substantially no other traffic in the streets. Three juries have passed on the questions involved and each found the defendant Schell guilty; two found the defendant Briggs not guilty; and upon a careful consideration of all the evidence in the record we are clearly of the opinion that we would not be warranted in disturbing the verdict on account of any inaccuracies in the rulings on the instructions. It is also contended that the verdict and judgment are excessive and not warranted by the evidence. We think the evidence was insufficient to sustain the item sought to be recovered by plaintiff on account of the fact that he had been deprived of the use of his automobile as a result of the collision. It having been determined that the defendant was at fault, plaintiff was entitled to be compensated for the damages he sustained. The evidence shows that plaintiff's damaged car was repaired by the Brinkman Auto Body Company which was engaged in that line of business and that it was paid $275 for doing the work; that sundry automobile parts rendered necessary on account of the collision cost $88.25 and that $60 was paid for other work and labor to complete the job, making the repairs cost a total of $423.25. The evidence further shows that plaintiff's automobile was worth $2,200 at the time of the collision, and that after it was repaired it was sold for $1,725, the difference between these two amounts, or $475, plaintiff was entitled under the evidence to recover. Plaintiff also sought to recover damages sustained as a result of the fact that he had been deprived of the use of his automobile, and a witness testified that the usual rental value of such a car was $10 a day. This is a proper item of damage. *McCabe v. Chicago & N. W. Ry. Co.,* 215 Ill. App. 99. But there is no evidence in the record as to how many days it would reasonably take to repair the damaged car. As

stated, the accident occurred and the car was damaged August 13, 1926. Plaintiff bought a new car on September 21, 1926, but the damaged car was not repaired until the following January. Plaintiff contends that he was entitled to $10 a day for 30 days or $300, but there is no basis in the evidence for this contention. No witness testified, nor was any of them asked, how much time might reasonably be taken in the repair of the car. No one contends that it took until the following January; in fact, the evidence shows that nothing was done towards the repair of the car until a long time after the accident, apparently for the reason that plaintiff and the defendant Briggs were engaged in negotiations whereby plaintiff might obtain another car from Briggs, from whom he had but recently purchased the car that was damaged. Plaintiff contends that the judgment is not excessive and that it is warranted; that under the evidence the repairs cost $423.25; damages sustained by the depreciation of the car, $475; and $300 for the loss of the use of the car, making $1,198.25—almost the exact amount of the verdict. Plaintiff also contends that by virtue of further evidence in the case, the verdict might have been much larger. This contention is based principally on the testimony of the witness Ryan, who gave as his opinion that the automobile was depreciated $1,000 on account of the accident and that the usual fair and customary charge for repairing the damage done was $510. This evidence should all have been excluded, as the defendant contends. Opinion evidence of this character is not pertinent where, as here, we have the actual figures, which is a demonstration of the amount of depreciation and of the cost of the repairs. *Cloyes v. Plaatje,* 231 Ill. App. 183, and cases there cited; *Byalos v. Matheson,* 243 Ill. App. 60, affirmed in 328 Ill. 269. There being no basis in the evidence for the item of $300, which plaintiff claims is included in the verdict

on account of the loss of the use of the car, this amount must be remitted or a new trial will be awarded.

We have carefully considered all the contentions made by the defendant but are of the opinion that none of them would warrant us in disturbing the judgment. If plaintiff will, within ten days, remit $300 from the judgment it will be affirmed for the balance; otherwise the judgment will be reversed and the cause remanded for a new trial.

*Affirmed upon remittitur.*

McSurely and Matchett, JJ., concur.