**Ray PREECE and Selma Preece, husband and wife, Plaintiffs,**

v.

**Ownes F. BAUR and Clarence Kendrick, doing business as Preston Electric & Furniture Co., Defendants.**

**No. 1919.**

United States District Court
D. Idaho, E. D.

July 18, 1956.

Anderson & Anderson, Pocatello, Idaho, for plaintiffs.

Merrill & Merrill, Pocatello, Idaho, for defendants.

TAYLOR, District Judge.

This matter is presently before the Court on the defendants' motions to dismiss, to strike and for a more definite statement. Oral argument was heard in open court on May 1, 1956, and at the conclusion thereof the matter was taken under advisement and counsel granted time within which to present briefs.

Plaintiffs are citizens and residents of the state of Utah, and the defendants are citizens and residents of the state of Idaho. This Court has jurisdiction by virtue of 28 U.S.C.A. § 1332.

On May 6, 1955, plaintiff Ray Preece entered into a contract with the defendants, doing business as the Preston Electric & Furniture Company, for the purchase and installation of an electric range and water heater in the plaintiffs' home near Lewiston, Utah. The said appliances were installed the following day. Plaintiffs allege that the defendants performed the work in a negligent manner, that as a result of their negligence the plaintiffs' residence was set afire in the early morning of May 8, 1955, that the said house was damaged and that a garage, two automobiles and certain household furnishings were destroyed. The plaintiffs further allege "that three of plaintiff's [sic] family were sleeping up-

stairs in said [residence] which was in flames when plaintiff Ray Preece was awakened and the excitement and fright of being awakened and finding plaintiffs [sic] residence in flames and knowing that plaintiffs [sic] children were upstairs then and there caused the plaintiffs extreme mental and physical shock", and that as a result of the said shock "he" was "completely and totally disabled". Plaintiffs do not allege that the flames came in contact with their persons, or with those of their children.

The complaint states a claim against the defendants for the loss of or damage to the plaintiffs' property as a result of the alleged negligence of the defendants.

The information requested by the motion for a more definite statement has been or may be furnished by plaintiffs' answers to interrogatories submitted by the defendants.

 The important question is presented by the motion to strike. The general rule is that an action cannot be predicated solely upon a mental or emotional disturbance. "Indeed, an act which is negligent in that it involves an undue probability of bodily harm to the plaintiff is, under the general rule, not regarded as actionable where it results only in a mental or emotional disturbance." 52 Am.Jur., Torts, § 48. "Fright is only one form of mental suffering. Accordingly, as a general rule fright or nervous shock which can reasonably be said to be the proximate result of a negligent or wrongful act, which causes a physical injury to the plaintiff, or the natural and probable consequence thereof, may be considered in awarding damages for the contemporaneous physical injury. Generally, however, no recovery can be had for fright alone caused by a negligent act which is neither accompanied nor followed by physical injury. In other words, mere fright cannot be made the basis of an action for damages, unless caused by the wilful wrong of another." 15 Am.Jur., Damages, § 189. See: United States v. Hambleton, 9 Cir., 185 F.2d 564, 565, 23 A.L.R.2d 568; Belt v. St.

Louis-San Francisco Ry. Co., 10 Cir., 195 F.2d 241, 243.

A parent cannot recover for his mental distress and anxiety occasioned by a physical injury to his child, or for his anxiety concerning the safety of his child who has been imperiled by the negligence of another. 15 Am.Jur., Damages, § 180. Hayward v. Yost, 72 Idaho 415, 427, 242 P.2d 971; Annotation, 18 A.L.R.2d 220, 224–230. And, "[a]ccording to the weight of authority, injuries to feelings, mental anguish, and the like are not, in the absence of any element of wilfulness or maliciousness, to be considered as elements of damages in actions for injury to property or for breach of contract, although there is some authority to support the right to recover for such injuries." 15 Am.Jur., Damages, § 175.

As this Court's jurisdiction in the instant case is based on diversity of citizenship, it must look to the law of Utah in order to determine whether, under the allegations of the plaintiffs' complaint, the defendants are liable for the fright and shock suffered by plaintiff Ray Preece. " * * * for purposes of diversity jurisdiction a federal court is 'in effect, only another court of the State' ". Guaranty Trust Co. of New York v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079, 160 A.L.R. 1231; Woods v. Interstate Realty Co., 337 U.S. 535, 538, 69 S.Ct. 1235, 1237, 93 L.Ed. 1524. The alleged negligent acts or omissions of the defendants took place in Utah, and consequently their liability is determined by the law of that state. "Whether an act is the legal cause of another's injury is determined by the law of the place of the wrong." 11 Am.Jur., Conflict of Laws, § 182; cf. Traglio v. Harris, 9 Cir., 104 F.2d 439, 440, 127 A.L.R. 803, certiorari dismissed 308 U.S. 629, 60 S.Ct. 125, 84 L.Ed. 524.

 The Utah Supreme Court has never been presented with the question of whether a parent can recover for mental distress or anxiety concerning his child when the latter has been imperiled by the negligence of a third party. However, in Jeppsen v. Jensen, 47 Utah 536, 155 P.

429, 431, L.R.A.1916D, 614, the plaintiff, a married woman, brought an action to recover damages for alleged injuries to her health and nervous system purportedly caused when the defendant cursed and abused her husband in her presence, and then drew a pistol and threatened to kill him. The court, in reversing a judgment for the defendant and remanding the matter for a new trial, stated as follows:

"* * * what we mean, and now hold, is, that we cannot say as a matter of law that the acts complained of were neither willful nor wanton. Prima facie, the acts complained of and testified to constituted an unlawful assault. * * * We are of the opinion, therefore, that the acts described in the complaint are such as bring this case clearly within the rule that damages may be recovered for injuries to health or for shock to the nervous system, although caused by terror or fright alone, and where there was no actual bodily injury inflicted upon the injured person and none such intended by the wrongdoer. Such acts cannot be considered as *merely ordinary negligent acts for which no recovery, from fright alone, is, as a general rule, permitted.*

"Counsel for defendant refer us to the following cases in which it is held that a recovery is not permitted for fright alone without some bodily or physical injury, either direct or indirect, such as miscarriage of a pregnant woman, etc.: [Citing cases.] Every one of the foregoing cases was determined upon the theory that the acts complained of constituted merely acts of ordinary negligence, and hence a recovery was denied. While it is true, and that it is so is not remarkable, that there are some cases which seem to hold that in no case can a recovery be had where the injuries are caused alone from fright, yet it is also true that there are some cases which seem to hold that a recovery may be had for fright alone, although the acts complained of constituted merely negligent acts. Such cases are, however, not numerous, and the great weight of authority is reflected in the cases relied on by the plaintiff, most of which we have cited above." (Emphasis added.)

The Utah Supreme Court thus conceded that a recovery is not allowed for fright or shock alone in the absence of some bodily or physical injury where the acts complained of constituted merely acts of ordinary negligence and were not wilful or wanton, and it seems reasonable to assume that the said court, if faced with the question presented by the case at bar, would hold that the plaintiffs cannot recover for the fright and shock suffered by plaintiff Ray Preece.

■ The plaintiffs allege that the title to one of the automobiles destroyed in the fire was in their son, and that they were the bailees, and had possession, of the same at the time of its destruction. During the oral argument counsel for the defendants raised the question of whether the plaintiffs, as bailees, could recover damages for the loss of the said automobile. "In all classes of bailments, whether for mutual benefit or for either the bailee's or the bailor's sole benefit, the law now seems to be well settled that a bailee in possession of personal property may recover compensation for any conversion of, or injury to, the article bailed while in his possession, or he may maintain an appropriate action to recover possession of the property. * * * The bailee's right to recover from third parties has been held to be the same, even though the bailee is not responsible to the bailor for the loss, and in such a case, as well as where he is thus responsible, the general rule is that he is not limited to recovery of the value of his special interest, but may recover the full measure of damages or the value of the property." 6 Am.Jur., Bailments, § 302; 8 C.J.S., Bailments, §§ 39 b, 56 a(2) (b) (7).

Accordingly, it is ordered that the defendants' motions to dismiss and for a more definite statement be, and the same

are hereby denied, and that the defendants' motion to strike be, and the same is hereby granted as to paragraphs IX, X, XI, XII, XIII, XIV, XV and XVI of the complaint and that portion of the prayer of said complaint wherein judgment is prayed for in the "sum of $100,-000.00", and is hereby denied as to paragraph V.