Coletta Ebel and Raymond Ebel, Plaintiffs-Appellees, v. Walter Collins, Defendant-Appellant, and Patrick O'Donnell, Defendant.
Patrick O'Donnell, Counterplaintiff-Appellee, v. Walter Collins, Counterdefendant-Appellant.

Gen. No. 49,059.

First District, Fourth Division.

March 11, 1964.

Morton H. Meyer, of Chicago (William Elman and James M. P. D'Amico, of counsel), for appellant.

F. Patrick Conlon, of Chicago, for plaintiffs-appellees. Beverly and Pause, of Chicago (Robert O. Duffy, of counsel), for counterplaintiff-appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

Raymond and Coletta Ebel brought suit in the Municipal Court of Chicago against Patrick O'Donnell and Walter Collins for physical injuries and property damage resulting from an automobile accident. O'Donnell filed an answer and also a counterclaim against Collins for property damage to the automobile of which he then had possession. Collins filed answers to the

Ebels' complaint and the counterclaim of O'Donnell. The case was tried before a jury and the following judgments were entered upon the jury's verdicts: Raymond Ebel v. Collins, $700; Coletta Ebel v. Collins, $3,000. On the counterclaim of O'Donnell v. Collins the jury returned a verdict in favor of O'Donnell, assessing his damages in the sum of $460. Judgment was entered on that verdict. In their statement of claim Raymond and Coletta Ebel had included O'Donnell as a party-defendant. The jury returned a verdict in favor of O'Donnell and judgment was entered accordingly. This appeal is taken by Collins from the judgments against him.

The accident occurred on March 24, 1957, at the intersection of Ashland Avenue and 92nd Street in the City of Chicago. The uncontradicted testimony of Raymond Ebel and of O'Donnell was that the Ebel automobile was proceeding north on Ashland Avenue in the inner lane of traffic. There are three lanes each for northbound and southbound traffic on Ashland Avenue. One of the lanes is used generally as a parking area and a median strip separates the northbound and southbound traffic. The inner lane is the one nearest to the center of the street. The O'Donnell automobile, which was proceeding south on Ashland Avenue in the inner lane, stopped when it reached 92nd Street and waited for northbound traffic to pass. The front half of the car was past the end of the median strip and slightly angled to be in a position to make a turn after the oncoming traffic had passed. No portion of the automobile was in the northbound lane of Ashland Avenue. O'Donnell further testified that his car was struck from behind by the Collins vehicle, thereby propelling his car into the northbound lanes and into the collision with the Ebel car.

Raymond Ebel testified that he was traveling at a speed between 20 and 35 miles an hour; that he saw

the O'Donnell car which had stopped and waited for the cars going south to pass. Ebel was following another northbound car, and just as he passed the O'Donnell car that car seemed to lurch out into the lane of traffic and collided with his car. Another car came along the side and hit his automobile. Ebel also testified that the two impacts were almost simultaneous and that both the O'Donnell car and the Collins car came into contact with his car.

Walter Collins was called as an adverse witness by the Ebels. His testimony is incoherent and, for all practical purposes, worthless. In the brief in this court Collins' counsel makes the statement that in the case in issue, it must be admitted that the appellant's [Collins'] testimony is not particularly lucid or helpful. Counsel states: "He suggests that there was a car to his rear that he was attempting to avoid cutting off. He says, however, that he does not know whether he hit the Ebel car, and states, generally, that he does not fully recall all the facts of the accident." It is a well recognized rule that on a motion for a directed verdict the court must view all the evidence and all reasonable inferences which can be drawn from it, in the light most favorable to the party against whom the motion is directed. 34 ILP Trial, § 133, Palmer v. Poynter, 24 Ill App2d 68, 163 NE2d 851. Collins was not called as a witness in his own behalf.

After the Ebels and O'Donnell had rested their cases the trial court denied Collins' motion for a directed verdict as to the O'Donnell counterclaim, allowed the motion of the Ebels for a directed verdict against Collins as to liability only, denied the motion of O'Donnell for a directed verdict in the suit brought by the Ebels against him, and denied O'Donnell's motion for a directed verdict as to Collins' counterclaim. Whereupon, the jury returned certain verdicts; one found in favor of Raymond Ebel against Walter Collins and

330

assessed damages at $700, and another verdict found in favor of Coletta Ebel against Collins and assessed plaintiff's damages at $3,000. Two verdicts were entered finding in favor of O'Donnell and against Raymond and Coletta Ebel. Another verdict was entered on the counterclaim of O'Donnell v. Collins and $460 damages awarded. A special interrogatory was returned by the jury answering the question as to the negligence of O'Donnell in the negative. Judgment was entered upon all the verdicts.

Collins filed a post-trial motion asking for judgment notwithstanding the verdict, and in the alternative, for a new trial, both on the Ebels' claim and the O'Donnell counterclaim. The court overruled the post-trial motion and Collins has taken this appeal.

■ We will first discuss the propriety of the court's order in directing a verdict on liability as to the Ebels and against Collins. From an examination of the record there is no question whatsoever that the Ebels made out a prima facie case against Collins. Defendant Collins' testimony is of no value whatsoever and the court properly ruled that he was negligent as a matter of law. From the evidence the court could reach the conclusion that no reasonable man could find otherwise and hence the court properly directed a verdict in the Ebels' case on the question of liability against Collins. Collins here argues that there was a basic inconsistency in the court's orders. There is no basic inconsistency in the court's permitting the counterclaim of O'Donnell against Collins to go to the jury. The issues therein raised were entirely different from the issues in the suit brought by the Ebels against Collins and O'Donnell. The court also properly denied O'Donnell's motion for a directed verdict against Ebel.

■ ■ The second contention of Collins is that the trial court erred in refusing Collins' motion for a directed verdict on the counterclaim. In support of this

331

contention Collins argues that the pleadings are not sufficient to allege a bailment of the O'Donnell vehicle, and even assuming for purposes of argument, that the pleadings were sufficient, he urges that the action should be brought by the real party in interest. (We have no "real party in interest" provision in our Practice Act.) In his counterclaim O'Donnell alleges that he was in possession of the motor vehicle involved in this accident. He testifies that at the time of the accident he was driving his father's car, with his father's permission, and that he was driving the car for his own purposes and not as agent of his father. This allegation is sufficient to support an action brought by a bailee. In an action by a bailee against a third party for injuries sustained to a bailed article, his pleading must show the connection of the bailee with the article of which he is not the owner. 8 CJS Bailments, § 56(1) p 577 (1962 Ed); Mizner v. Frazier, 40 Mich 592. A bailee may recover full damages for loss or injury to the bailed property during the term of the bailment, but he must account to the bailor for any excess over the amount of bailee's interest. Benjamin v. Stremple, 13 Ill 466, cited in 4 ILP Bailments, § 24. When an owner transfers personal property to a bailee the bailee, in virtue of its special property right, is clothed with authority to maintain an action for damage done to the bailed property during the continuance of such right. Walsh v. United States Tent & Awning Co., 153 Ill App 229 (1st Dist 1910). The Walsh case was cited in Yrisarri v. Clifford, 32 New Mex 1, 249 Pac 1011 (1926). In that case the plaintiff sued as a gratuitous bailee of an automobile and it was held that a bailee, gratuitous or otherwise, might sue a third party wrongdoer and recover the entire damages to the bailed property. Such recovery bars a subsequent action by the bailor. In that case it was further held that the statement in the complaint that

the plaintiff was "controlling, driving and operating" the bailed vehicle was sufficient to allege a bailment.

The Walsh case is also cited in Rosenfeld v. Continental Bldg. Operating Co., 135 F Supp 465 (WD Mo), and in that case it was also held that where a bailee sues for damages to the bailed property he proceeds for, and for the benefit of, and is bound to give over the avails of the suit to, the bailor. Also see American Tug Boat Co. v. Washington Toll Bridge Authority, 48 Wash2d 117, 291 P2d 668; Preece v. Baur, 143 F Supp 804 (ED Idaho); and Petrus v. Robbins, 196 Va 322, 83 SE2d 408.

■ ■ The only discussion appearing in the record with reference to the fact that an insurance company was involved in the case took place when Collins moved for a directed verdict as to his counterclaim. At that time the attorney for Collins stated that the insurance company did make some payment on account of the damage to the car. The court overruled the motion. In Osgood v. Chicago & N. W. Ry. Co., 253 Ill App 465, the court discusses the question of the respective rights of the owner and an insurance company which had, under the contract of insurance, paid the owner all or a portion of the damages suffered. In that case the court held that to compel an insured owner to bring suit in the name of the insurance company would be revolutionary of the established practice, and that since the rule is that only one cause of action may be maintained for damages suffered from a single tort, it might require two suits for the same tort where the owner was only partially insured. Citing Clancey v. McBride, 251 Ill App 157. The court also cites and quotes from Byalos v. Matheson, 328 Ill 269, 159 NE 242, where it was contended that the plaintiff, having collected his losses from the insurance company, could not maintain an action against the defendant. In that case the Supreme Court said, "The insurance company

333

did not make the payment for the benefit of the appellant and the payment did not discharge the appellee's right of action against him. (American Express Co. v. Haggard, 37 Ill 465.) If insured property is destroyed by the act of a wrongdoer, the owner of the property may sue the wrongdoer though the insurance company may have paid the loss. Vose v. Central Illinois Public Service Co. 286 Ill 519, 122 NE 134." This case supports the conclusion which we have reached that the action was properly brought by O'Donnell, as bailee, against Collins.

The judgments of the Municipal Court of Chicago are affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.