Richard Leon, Plaintiff-Appellee, v. Thorlief Larsen and Son, Incorporated, Defendant-Appellant.

(No. 51486;

First District—May 10, 1971.

Marlow J. Madden, of Chicago, (Philip J. McGuire, of counsel,) for appellant.

Leo K. Wykell, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This was an action to recover damages for an alleged breach of a contract of employment between plaintiff and defendant. After a trial without a jury, the trial court entered judgment for plaintiff in the amount of the *ad damnum* of the complaint on the ground that the defendant's answer failed to deny the specifications of damages contained in the complaint. Defendant appeals.

On May 9, 1960 plaintiff entered into a written contract under which he was to be employed by defendant for a three year period as an apprentice bricklayer. The contract was of the standard form employed by the bricklayers union and construction contractors in the Chicago area, and contained a provision reading:

"* * * When said Contractor has no work, he shall inform the Bricklayers' Union of this fact and they shall endeavor to place said apprentice with another Contractor for the period said Contractor has no work."

At various times throughout the term of the contract the defendant had no work for plaintiff due to inclement weather, delay in the delivery of materials, and the like, and plaintiff received no wages on those occasions. It further appears that whenever plaintiff was thus out of work, defendant notified the bricklayers union of that fact.

Plaintiff was given instructions by defendant as to the various functions of a bricklayer, but it appears that his performance was poor and he was advised of that fact by members of defendant's staff. At the end of the term of the contract, plaintiff terminated his employment with the defendant.

Plaintiff commenced this action in August 1963, alleging that defendant had violated the terms of the contract by refusing to allow plaintiff the opportunity to work at all times that defendant had work to do. Paragraph 6 of the complaint alleged 83 instances during the term of the contract on which plaintiff claimed defendant breached the contract, and set forth specific dates, hours of allegedly lost time, and the rate of pay per hour, aggregating total of 1,725 hours and $5,832.67 in wages.

The defendant's answer denied, *inter alia*, the allegations contained in Paragraph 6 of the complaint which related to the defendant's refusal to permit plaintiff to work, but alleged as to the specifications of time and dates, that the defendant "fails to understand any of the plaintiff's allegations or computations of the claim alleged."

Plaintiff's testimony was stipulated into evidence at the trial of the cause. The stipulation related such matters as the duration of plaintiff's employment by defendant at various job sites, his attendance at bricklayers school, and the nature of the work he performed. The stipulation contained evidence of four of the 83 dates alleged in the complaint on which plaintiff claimed defendant refused to allow him to work. Plaintiff's wife testified that she kept a record of the hours during which plaintiff worked, but that the original record of his employment kept by her could not be located.

At the conclusion of the trial and during closing arguments of counsel, the trial court requested defendant's counsel to advise the court as to where in the answer there was a denial of the allegations of the hours, dates, etc., contained in Paragraph 6 of the complaint. The trial court was of the opinion that because defendant failed to deny those allegations, the allegations were admitted, and judgment was entered for the plaintiff in the amount of the *ad damnum* of the complaint.

Although an appearance was filed on behalf of plaintiff on appeal, no brief has been filed on his behalf. The filing of an abstract or excerpts was waived by this Court in open court during oral argument of the matter, and this Court also allowed counsel for the plaintiff who filed his appearance to argue the matter orally without a written brief.

Defendant contends that the trial court was in error in holding that the allegations contained in Paragraph 6 of the complaint were admitted by defendant's failure to deny them in his answer. We agree.

■■ The allegations in Paragraph 6 which are the subject of the controversy here are allegations of damages only. Section 40(2) of the Civil Practice Act specifically provides that "[e]very allegation, *except allegations of damages*, not explicitly denied is admitted * * *." Emphasis supplied.) Rather, an allegation of damages is put into issue only if a party desires to raise it as an issue by expressly contesting it. (Ill. Rev. Stat. 1969, Chap. 110, Para. 40(2), (4).) Failure by defendant to explicitly deny the allegations of Paragraph 6 relating to hours, dates, etc., was not an admission thereof. The case of *Johnson v. Schuberth*, 40 Ill. App.2d 467, 189 N.E.2d 768, relied on by the trial court in arriving at its conclusion is clearly not in print.

■■ The evidence adduced by the plaintiff at trial failed to establish a *prima facie* case against the defendant, in that it failed to show either a breach of the contract as alleged or the extent of the damages suffered by plaintiff. Plaintiff testified that he did not keep a list of the days and hours he was allegedly not permitted to work, but that he compiled the list of such days and hours from his check stubs. His wife testified that she kept a list of days and hours which plaintiff worked. The stipulation as to plaintiff's testimony contained only four of the 83 occasions on which plaintiff was allegedly not permitted to work, three of which contradicted the "hours schedule" set out in Paragraph 6 of the complaint, and none of which related the rate of wages paid on that particular day. Where damages are susceptible to proof in dollars and cents, direct and tangible proof must be offered. (*Lovewell v. Schlick*, 28 Ill.App.2d 138, 171 N.E.2d 99.) Plaintiff's evidence was totally lacking in these respects.

For these reasons the judgment is reversed and the cause is remanded with directions to enter judgment for defendant.

Judgment reversed and cause remanded with directions.

LYONS and GOLDBERG, JJ., concur.