H. KARLIN, d/b/a Karlin Cartage Co., Plaintiff-Appellee, *v.* INLAND STEEL CO., Defendant-Appellant.

First District (3rd Division)   No. 78-1586

Opinion filed September 26, 1979.

Crooks, Gilligan & Kages, of Chicago (John W. Gilligan and Laurence J. Dunford, of counsel), for appellant.

Paul M. Heller, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the court:

A jury awarded $8,000 to the plaintiff Karlin Cartage Company for damages to his tractor-trailer dump truck and loss of use of the vehicle for 9 weeks while it was undergoing repair. The truck was damaged in a collision with a slag truck known as a Euclid Hauler owned by defendant Inland Steel Company. The Inland vehicle is a large tandem truck between 20 to 30 feet long. It weighs 50,000 to 60,000 pounds empty and can carry loads of between 100,000 to 150,000 pounds. The driver sits 10 to 15 feet above the ground.

The accident occurred at the Inland Steel Company plant in East Chicago, Indiana. The company has marked out roads on its premises and the collision occurred at the intersection of two of these roads, Slag Road which has two lanes, one northbound and one southbound, and a roadway called Route 46 which has one lane eastbound and one westbound. Slag Road is used by Euclid Haulers to carry slag from Inland's blast furnaces to a landfill area north and west of Route 46.

The plaintiff's vehicle was hauling a load of scrap metal to Inland's plant; it was proceeding westbound on Route 46 while Inland's Euclid

Hauler was moving northbound on Slag Road. Plaintiff's vehicle came to a stop at the intersection of Route 46 and Slag Road which, although not marked by street signs, is controlled by a stop sign regulating east-to-west traffic on Route 46. The sign has the legend "Cross Traffic Does Not Stop." Then, as the plaintiff's vehicle moved into the intersection, it was struck by Inland's Euclid Hauler.

The plaintiff testified that his vehicle was incapable of being driven after the accident, stated that it had to be towed to the manufacturer for repairs and described in detail the extensive damage to the vehicle. He also testified it took 9 weeks to repair the vehicle and that he lost $8,670 in profits because his truck was unavailable during this time. The cost of repairing plaintiff's vehicle was $5,500.

Inland contends that the judgment should be reversed and judgment should be entered for it, or, in the alternative, the cause should be remanded for a new trial, urging that the trial court erred in the following respects: In allowing the plaintiff to examine the driver of the Euclid Hauler at trial as an adverse witness under section 60 of the Illinois Civil Practice Act; in refusing to permit portions of the discovery deposition of the driver of Karlin's vehicle to be read to the jury as a declaration against interest admissible as an exception to the hearsay rule; in refusing to strike the testimony of the plaintiff on the issue of damages for loss of the use of his truck because of his failure to introduce evidence regarding the length of time reasonably necessary to repair the vehicle; in giving the jury issues instructions on matters which were alleged in the complaint but on which no evidence was introduced; and in instructing the jury on the elements of damage. Inland also contends that the plaintiff failed to offer sufficient proof that he suffered a loss of profits during the period his truck was being repaired.

■■ Two errors at trial require that the judgment in favor of the plaintiff be reversed and the cause remanded for a new trial. First, it was improper to examine the driver of the Euclid Hauler as an adverse witness under section 60 of the Illinois Civil Practice Act over the objection of Inland. There was no showing that the driver was the head of a department or that he supervised or had control over other employees. Therefore, we conclude that there was not sufficient evidence to warrant treating the driver as a managing agent or foreman within the meaning of section 60. (*Gillespie v. Norfolk & Western Railway Co.* (1972), 3 Ill. App. 3d 779, 278 N.E.2d 420; *Lamberes v. Northern Cartage Co.* (1967), 86 Ill. App. 2d 311, 229 N.E.2d 901; see also *Frunk v. Calumet City* (1958), 17 Ill. App. 2d 285, 149 N.E.2d 776.) The plaintiff concedes it was error to call the driver as an adverse witness under section 60, but contends the error was harmless. The examination of the driver was prejudicial because, during his adverse examination, the plaintiff was permitted to lead him and to

introduce parts of his deposition which were not impeachment. It was improper for the plaintiff to call the driver as an adverse witness and then, under the guise of impeachment, and over Inland's objection, to inform the jury of his deposition testimony.

■■ Second, the trial judge erred in refusing to permit Inland to read portions of the discovery deposition of the plaintiff's driver to the jury. The driver, Leonard Rolla, died before the trial took place. In his deposition, Rolla admitted that he did not see the Inland vehicle (which was 30 feet long and 18 feet high) before he pulled into the intersection and until it was 15 feet away. He also testified that he pulled out into the intersection when his view was blocked, that he failed to yield the right-of-way and that he was one cab length past the stop sign when the collision occurred. These were admissions against Rolla's interest, and as such admissible as an exception to the hearsay rule. (*Frazier v. Burks* (1968), 95 Ill. App. 2d 51, 56, 238 N.E.2d 78.) The requirements set forth in *Frazier*, as well as in *Merritt v. Chonowski* (1978), 58 Ill. App. 3d 192, 196, 373 N.E.2d 1060, for making a declaration against interest eligible for admission as an exception to the hearsay rule were present here. Rolla was unavailable. He had competent knowledge of the facts he stated and no probable motive to falsify. Finally, his declarations were against his pecuniary interest because in a suit against him by either his employer (Karlin) or Inland his statements would be admissions of liability.

The trial court rejected Rolla's deposition because Rolla, who was not a party to any lawsuit at the time the deposition was given, did not understand that he was making an admission against his interest. However, nothing was said in the deposition and no other evidence was introduced at trial to indicate that Rolla did not understand that his statements were against his interest. Absent such an indication, the court should presume that Rolla knew and understood what he was saying and its significance. In a retrial, Inland should be given the opportunity to introduce Rolla's deposition.

A third error at trial was not cause for reversal, but should be corrected at retrial. The court failed to instruct the jury fully on the elements of damage. The instructions tendered by the plaintiff and given to the jury recited that the jury was to determine:

"The value of earnings lost; The reasonable expense of necessary repairs to the property which was damaged."

The value of earnings lost was defined by an instruction tendered by the defendant and given which read:

"The loss of profits is defined as the amount of gross income less the cost of doing business."

■■ Inland requested that the instruction limit loss of profits to the time reasonably required for the repair of the plaintiff's vehicle. Obviously, the

plaintiff would not be entitled to recover for lost profits indefinitely. His recovery should be limited to the length of time reasonably required to repair the vehicle. The jury apparently appreciated this limitation even though it was not specifically instructed to that effect for the amount of the verdict compensated the plaintiff for loss of profits for approximately 2½ weeks instead of the 9 weeks he testified his vehicle was undergoing repairs. Thus, the trial court's error in refusing the requested instruction apparently did not prejudice Inland. However, at a retrial the element of length of time reasonably required to repair the vehicle should be included as an element in the instruction on damages.

Other matters raised by Inland are considered because they may arise again during the second trial.

The trial judge properly refused to strike the plaintiff's testimony on the issue of damages. That testimony was lengthy and exhaustive, and in it the plaintiff detailed the damage to his vehicle. He testified it took the manufacturer 9 weeks to complete the repairs, a not surprising length of time in view of the sizable repair bill involved. The plaintiff also testified that his minimum charge for the use of his truck was $24 per hour, and set forth in great detail what the expenses of operating his vehicle were. He calculated his lost profits during the time his truck was unavailable.

■■ In *Plesniak v. Wiegand* (1975), 31 Ill. App. 3d 923, 335 N.E.2d 131, on which Inland relies, the court expressed the opinion that there was insufficient evidence to establish how long the plaintiff was necessarily deprived of the use of his vehicle while it was undergoing repairs. By way of contrast, the plaintiff in this case presented significant testimony regarding the cost of repair, the time the repairs took and the value of the use of the property while it was undergoing repair. Plaintiff specifically related his costs of doing business and the way he computed the value of what his truck was worth to him while in operating condition. Having done that, he was entitled to recover his lost profits while his truck was unavailable. The plaintiff was not required to prove the exact amount of his loss. All that the law requires is that the evidence tends, with a fair degree of probability, to establish a basis for the assessment of damage. (*Cannell v. State Farm Fire & Casualty Co.* (1975), 25 Ill. App. 3d 907, 914, 323 N.E.2d 418; *Powers v. Sturm* (1973), 12 Ill. App. 3d 346, 351, 297 N.E.2d 628; *Meyer v. Buckman* (1955), 7 Ill. App. 2d 385, 129 N.E.2d 603.) The jury's verdict of $8,000, with the cost of repair accounting for roughly 60% of that amount, was within the range of the evidence and the defendant's claim of error with respect to the amount of the verdict lacks merit.

■■ Inland's objection to the issues instructions also lacks merit. The court undertook to instruct the jury on the issues made by the pleadings as contemplated by Illinois Pattern Jury Instructions, Civil, No. 20.01 (2d ed.

1971). The allegations incorporated by Karlin in the body of his issues instructions were taken directly from the complaint. The defendant complains that the allegations in question were not supported by any evidence. We disagree and conclude that there was evidence on the basis of which the jury could have found that Inland and its driver were negligent in each of the respects set forth in the instruction.

Reversed and remanded for a new trial consistent with the views expressed herein.

McNAMARA and RIZZI, JJ., concur.