PATRICK J. GANNON, Plaintiff-Appellee, *v.* PAUL FREEMAN, Defendant-Appellant.

First District (2nd Division)    No. 81-142

Opinion filed January 12, 1982.

Law Office of Tim J. Harrington, of Chicago (Robert Guilfoyle and John R. Withall, of counsel), for appellant.

Law Offices of Joseph F. Phelan, of Chicago, for appellee.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:
Plaintiff and defendant were involved in an automobile accident. The parties settled the claims involving personal injury, and the matter went to trial on the issue of property damage, based on the total loss of plaintiff's automobile. The jury returned a verdict of $4000 and defendant appeals.

Defendant has admitted liability, so the circumstances of the accident are not at issue. The principal issue is whether the $4000 verdict is against the manifest weight of the evidence. No court reporter was present at trial; the record on appeal contains a stipulated recitation of the evidence.

In May 1976, when plaintiff was 18 years old, he purchased a used 1969 Dodge Super Bee for $500. The "Super Bee" was a limited production, high-performance version of the Dodge Coronet. Over the next 15 months, plaintiff drove the car infrequently, putting on only 200-300 miles. Plaintiff testified that he planned to rebuild the auto to "show" car status. Plaintiff introduced receipts for various repairs and high-performance parts. The value of the receipts admitted into evidence totals $1546.50. Plaintiff also testified that he put at least 100 hours of his own time into rebuilding the car.

In the early morning of September 24, 1977, plaintiff's car collided with that of defendant. After the accident, plaintiff's car was towed to his home. Plaintiff took 18 color photographs of the wrecked car; these were admitted into evidence. The car was later towed to a police pound. Plaintiff never saw the car again. He testified that the car was damaged beyond repair and he was able to salvage only the stereo speakers before the car was towed the second time.

Prior to the accident, plaintiff had completed substantially all of the restoration work on the car's engine. The photographs in evidence show that the body, though unrestored, was largely free from rust and was in good condition. Plaintiff offered no expert testimony concerning the car's value immediately prior to the accident, though plaintiff opined that the car, fully restored, would be "worth a fortune."

Defendant offered the testimony of Sam Papalardo, a used car salesman. Papalardo had three years' experience selling new and used cars at Ford and Lincoln-Mercury dealers. The trial court prevented Papalardo from giving an opinion on the value of a 1969 Dodge Super Bee. The trial court apparently based its ruling on the premise that Papalardo might competently testify to the value of an ordinary used car but showed no expertise with respect to the value of plaintiff's "substantially rebuilt" automobile. The jury returned a verdict for plaintiff in the amount of $4000.

◼◼ Defendant contends that the trial court erred in barring Papalardo's testimony regarding the market value of plaintiff's car. Whether a witness is qualified to testify as an expert is a matter within the sound discretion of the trial court. (*Hardware State Bank v. Cotner* (1973), 55 Ill. 2d 240, 250, 302 N.E.2d 257.) Defendant contends that the trial court abused its discretion in finding Papalardo unqualified. In this connection, defendant argues that the trial court implicitly found that plaintiff's car was a "show" car, a fact issue that should have been left to the jury. We believe that

defendant reads too much into the trial court's ruling. The court below needn't have found that the vehicle in question was a "show" car; the court only had to conclude that the car was sufficiently out of the ordinary to preclude an "ordinary" car salesman from testifying to its value. Viewed in this light, we find that the ruling was not an abuse of discretion.

■■ Defendant also contends that the jury's verdict of $4000 is unsupported by the evidence. When personal property is totally destroyed, the measure of damages is the reasonable value of the property immediately prior to its destruction. (*Behrens v. W. S. Bills & Sons, Inc.* (1972), 5 Ill. App. 3d 567, 576, 283 N.E.2d 1.) Defendant notes that plaintiff offered no expert testimony regarding the car's value. While such testimony would have been preferable, we believe that it is not absolutely necessary. Where damages are susceptible of precise proof, direct and tangible evidence must be offered. (*Leon v. Thorlief Larsen & Son, Inc.* (1971), 133 Ill. App. 2d 911, 913, 272 N.E.2d 799.) Here, however, no conclusive proof was possible. An expert witness could only have given his opinion on the car's value. Such an estimate should not be considered indispensable when value can be proved in other ways. The law does not require the plaintiff to prove the exact amount of his loss; it is sufficient that the evidence provide a basis for assessing damages with a fair degree of probability. (*Karlin v. Inland Steel Co.* (1979), 77 Ill. App. 3d 183, 187, 395 N.E.2d 1038.) Here, plaintiff offered proof of value relating to the cost basis of the car: the $500 initial cost, the $1546.40 (admissible evidence) spent on parts for the car and the 100 hours of plaintiff's time spent on restoration of the car.

Nevertheless, these items of plaintiff's evidence do not total $4000, even when the value of plaintiff's time is considered. *Lannon v. Alex* (1950), 339 Ill. App. 645, 90 N.E.2d 800 (abstract), presents an analogous situation. There, the plaintiff sued for damage to his automobile and won a jury verdict of $143.09. The appellate court found no evidence to support this amount and noted that plaintiff had estimated the car's damage at about $25. The appellate court ordered a remittitur and affirmed a judgment of $25. (See also *Welter v. Schell* (1929), 252 Ill. App. 586, 590-91, where the appellate court affirmed upon remittitur in another vehicle damage case involving unproved damages.) In discovery in the case at bar, plaintiff received an interrogatory concerning the cost of repairing his car. He responded: "1969 Dodge Auto which was damaged beyond repair and value. Purchased Car for $500.00 and thereafter totally rebuilt auto at a cost of approximately $1800.00. Total Loss $2300.00." That plaintiff herein estimated his loss well below the jury's verdict corresponds to the situation in *Lannon.*

■■ In consideration of the shortage of proof of damages, we conclude that judgment for the plaintiff was proper but the full judgment amount

($4000) is not supported by the evidence. A lesser amount ($2546.40) has evidentiary support. This amount takes into consideration the cost of the car ($500), the amount spent on parts ($1546.40) and plaintiff's time ($500 for 100 hours of restoration work). This amount also corresponds roughly to plaintiff's own estimate given in response to defendant's interrogatory. If plaintiff will file his consent to a remittitur of $1453.60, the judgment will be affirmed. Otherwise, the judgment below is reversed and the cause remanded for a new trial.

Affirmed upon remittitur.

DOWNING and HARTMAN, JJ., concur.