**WINFIELD DESIGN ASSOCIATES, INC., Plaintiff,**

v.

**QUINCY JEFFERSON VENTURE, etc., and Rees W. Candee, etc., Defendants.**

**No. 83 C 1020.**

United States District Court, N.D. Illinois, E.D.

March 6, 1984.

cy. *Cowell v. Ducas,* 2 F.Supp. 1 (S.D.N.Y.1932). Here, however, a change of terms would not cure the failure of jurisdiction.

Peter C. John, Phelan, Pope & John, Ltd., Chicago, Ill., for plaintiff.

Thomas C. Broderick, Quinn & Broderick, Chicago, Ill., for Quincy Jefferson Venture.

Michael A. Dunn, Librizzi & Dunn, Chicago, Ill., for Rees W. Candee.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Winfield Design Associates, Inc. ("Winfield") initially sued its fellow-tenant Rees Candee ("Candee") and its landlord Quincy Jefferson Venture ("Quincy"), alleging Winfield's business inventory and other property were damaged as a result of:

1. negligent acts by Candee (Complaint Count I) and Quincy (Complaint Count III) and

2. Candee's breach of provisions of a Candee-Quincy lease that operated for the benefit of Winfield (Complaint Count II).[1]

Quincy then crossclaimed against Candee for its own alleged damages (Crossclaim Count I) and (should Quincy be found liable to Winfield) for indemnity (Crossclaim Count II)[2] and contribution (Crossclaim Count III).

■ At this point the parties have filed and this Court has entered its Final Pretrial Order, so that this action has been added to the list of cases awaiting trial. At the pretrial conference leading to entry of that order, the parties requested this Court to decide as a matter of law the proper measure of Winfield's damages to its inventory.[3] For the reasons stated in this memorandum opinion and order, the proper measure of Winfield's damages to its inventory is the fair market value of the goods immediately before their destruction, minus any salvage value—not the cost of replacing the goods at wholesale.[4]

Winfield relies on *Tozzi v. Testa*, 97 Ill. App.3d 832, 837, 53 Ill.Dec. 279, 282–83, 423 N.E.2d 948, 951–52 (3d Dist.1981), where the court determined the fair market value of goods before their destruction is the proper measure of damages. That is the rule in other Illinois Appellate Courts as well, *Williams v. Board of Education of Clinton Community Unit School District No. 15*, 52 Ill.App.3d 328, 333, 10 Ill.Dec. 161, 165, 367 N.E.2d 549, 553 (4th Dist.1977); *Trailmobile Division of Pullman, Inc. v. Higgs*, 12 Ill.App.3d 323, 325, 297 N.E.2d 598, 600 (5th Dist.1973); 15 I.L.P. *Damages* § 144, at 454. Against that array defendants point to one Second District case (never cited by another Illinois court on this score) that holds replacement cost of the goods is the proper measure of damages. *Chicago Title & Trust Co. v. W.T. Grant Co.*, 2 Ill.App.3d 483, 488–89, 275 N.E.2d 670, 674 (2d Dist.1971).

Most significant for this Court's purposes, however, is the rule followed by the Illinois Appellate Court for the First District. Under *Erie v. Tompkins* principles this Court is bound by the decisions of that Appellate Court when the Illinois Supreme Court has not spoken and the Appellate Courts differ. *Abbott Laboratories v. Granite State Insurance Co.*, 573 F.Supp. 193, 196–200 (N.D.Ill.1983); *Commercial Discount Corp. v. King*, 552 F.Supp. 841, 848 (N.D.Ill.1982).

---

1. This Court's April 7, 1983 memorandum order granted in part and denied in part Candee's motion to strike Complaint Count II.

2. This Court's August 26, 1983 memorandum opinion and order, 569 F.Supp. 748 (N.D.Ill. 1983), dismissed Crossclaim Count II.

3. It was the parties' collective view such a ruling might well facilitate settlement. If not, it will of course shorten the trial of the case.

4. At the heart of the parties' dispute as to the correct measure of damages is whether Winfield must prove its lost profits by evidence other than testimony as to fair market value of the goods. Lost profits are generally recoverable if proved. *Schatz v. Abbott Laboratories, Inc.*, 51 Ill.2d 143, 147–48, 281 N.E.2d 323, 326 (1972).

On that basis the result is clear: The First District has aligned itself with the majority position of the other Appellate Courts. *Gannon v. Freeman*, 103 Ill. App.3d 917, 919, 59 Ill.Dec. 546, 548, 431 N.E.2d 1303, 1305 (1st Dist.1982); *Aetna Insurance Co. v. 3 Oaks Wrecking and Lumber Co.*, 65 Ill.App.3d 618, 627–28, 21 Ill.Dec. 919, 926–27, 382 N.E.2d 283, 290–91 (1st Dist.1978). Both those cases relied on *Behrens v. W.S. Bills and Sons, Inc.*, 5 Ill.App.3d 567, 576–78, 283 N.E.2d 1, 7–8 (3d Dist.1972), which stated the damages are the "reasonable" value of the goods prior to their destruction. *Behrens* in turn relied on *H.K. Porter Co. v. Halperin*, 297 F.2d 442, 445 (7th Cir.1961) (a case startlingly similar to this one on the facts), which established fair market value as the "reasonable" value of the goods. *Aetna* explicitly accepted testimony regarding the goods' fair market value as proper on the damages issue. 65 Ill.App.3d at 627–28, 21 Ill.Dec. at 926–27, 382 N.E.2d at 290–91.

Thus the issue is readily resolved. Winfield's damages must be measured by the fair market value of its goods immediately before their destruction.

Candee raises an issue as to Winfield's ability to recover for damages to goods held on consignment. Illinois law allows a bailee to recover for the full amount of injury to the goods (here their fair market value), with the bailee then holding the amount in excess of the bailee's interest in trust for the bailor. *Montgomery Ward & Co. v. Peter J. McBreen & Associates*, 40 Ill.App.3d 69, 73–74, 351 N.E.2d 324, 328 (1st Dist.1976); *Ebel v. Collins*, 47 Ill.App.2d 327, 332, 198 N.E.2d 552, 554 (1st Dist.1964); 4A I.L.P. *Bailments* § 37, at 549.

Candee contends Winfield's status as a bailee has not yet been established. This opinion does not purport to resolve that or any other controverted fact issue. But if Winfield is in fact a bailee, the proper measure of damages to the inventory held on consignment is the fair market value of those goods as well.

*Conclusion*

As a matter of law, Winfield's damages are to be measured by the fair market value of the goods immediately before their destruction, less any salvage value. All factual issues remain for trial.